[No. 7409. Decided January 6, 1909.]

THE STATE OF WASHINGTON, on the Relation of Johanna M. Shropshire, Appellant, v. THE SUPERIOR COURT FOR PACIFIC COUNTY et al., Respondents.[1]

APPEAL—PRESERVATION OF GROUNDS—EXCEPTIONS. An objection that a corporation, composed of two stockholders who are husband and wife, is not entitled to exercise corporate functions or the right of eminent domain, cannot be raised on appeal where no exceptions were taken to findings to the effect that the corporation was duly organized and existing.

EMINENT DOMAIN — PARTIES ENTITLED — WATER COMPANIES — STATUTES—CONSTRUCTION. A water company having a municipal franchise to supply water to a city and its inhabitants, is, under our constitutional and statutory provisions, authorized to exercise the right of eminent domain to acquire the necessary lands and waters, where the owner thereof refuses to supply the city with water upon

[1]Reported in 99 Pac. 3.

request so to do; and the general statutes subjecting such corporations to control and regulation are sufficient in that respect without any statute fixing the rates which shall be charged for such supply.

SAME—PRIVATE USES. The supplying of water by a water company to mills and factories for the purpose of generating power is a private use.

SAME. The fact that one of the declared purposes of a water company was to furnish water to mills and factories for the private purposes of generating power, does not preclude it from condemning the waters of a stream, where there is evidence of the necessity thereof to supply water to the city for municipal purposes and its inhabitants for ordinary domestic uses.

Certiorari to review a judgment of the superior court for Pacific county, Rice, J., entered April 23, 1908, adjudging a public use in condemnation proceedings, after a trial before the court. Affirmed.

*Chas. E. Miller*, for relator.

*Welsh, Welsh & O'Phelan*, for respondents.

HADLEY, C. J.—This action was instituted as a condemnation proceeding, and the trial court found that the property is sought for a public use. A writ of review was issued by this court at the instance of the property holder, and the order of the court adjudging the use to be a public one and calling for a jury to determine the damages is now here for review.

The petition for condemnation was filed by the Raymond Light & Water Company, alleged to be a corporation organized and existing under the laws of the state of Washington. The purposes for which the corporation is organized are extensively enumerated, but in the main they are to supply the cities and towns of Washington, and the inhabitants thereof, with pure, fresh water, for domestic, municipal, and industrial purposes, including the sale of water to private persons or corporations for industrial purposes. It is averred that the city of Raymond is a municipal corporation, and

that, prior to the institution of the condemnation proceeding, that city granted to the petitioner a franchise authorizing it to build and maintain a water plant and water works, within the city, for the purpose of conveying water to supply the city and the inhabitants thereof with pure and fresh water for domestic use, municipal purposes, fire protection, and industrial and other lawful purposes; that the franchise was accepted by the petitioner and is now in full force; that the city of Raymond has a population of about two thousand people, and that the number of inhabitants is increasing and will continue to increase; that the city has no water plant or system of its own for supplying water, and the inhabitants depend entirely upon petitioner to supply them with water; that the claimant is the owner of certain described real estate over and through which flows Butte Creek, a nonnavigable stream of pure, fresh water, in the waters of which stream the claimant, as owner of the land, has certain rights; that pursuant to the franchise granted to the petitioner by the city, the former has erected a water plant and is now engaged in supplying the city and its inhabitants with water, but not in sufficient quantities; that in order to supply an adequate amount of water, it is necessary to take and use all the waters of Butte Creek, and to take them at a point on the creek above the claimant's land, thereby diverting all of the waters; that the petitioner has obtained from all persons owning land upon and over which the stream flows the right to take and use the waters thereof, for the purposes aforesaid, except from the claimant, and she has refused to permit the petitioner to take or use any of the waters; that after the petitioner had secured its franchise from the city, the latter through its council, endeavored to have the claimant supply the city with water, but she refused to supply any water for any purpose, and thereafter the city council notified the petitioner, and in regular session authorized the latter, to pro-

ceed to acquire the waters in the manner provided by the laws of the state of Washington; that, prior to beginning this condemnation proceeding, the petitioner endeavored to secure from the claimant the right to take and use the waters, but it has been unable to agree with her as to the amount of compensation to be paid; that it is essential for the health and existence of the city and its inhabitants that the petitioner shall take and use all of the waters of said stream for the purposes aforesaid, and for that purpose condemnation is sought. At the trial upon the question of public use, the court found the facts substantially as set forth in the petition, and as stated above.

The first proposition argued by the relator, to whom we shall refer as "the claimant," is her assertion in the brief that the respondent company is composed of but two stockholders who are husband and wife, and that being husband and wife constituting a community, they are not sufficient in number to authorize the exercise of corporate functions. The conclusion from the argument, as drawn by the claimant, is that the right of eminent domain cannot be exercised by the respondent. We think, so far as the claimant is concerned, that she is precluded from raising a question of this character at this time, by reason of findings of the court to which she did not except. The court found as follows:

"That the petitioner is now, and was at all of the times in petitioner's petition mentioned, a corporation duly organized and existing under and by virtue of the laws of the state of Washington . . . that petitioner, prior to the commencement of this action, paid all of its annual license fees to the state of Washington so as to entitle it to commence and maintain this proceeding."

The above must be accepted as facts established by the record, and when it is the fact that the corporation is one "duly" organized and "existing," and that it has put itself

in position "to entitle it to commence and maintain this proceeding," there seems to be no ground left for claimant's argument, and her contention in this regard must be denied.

It is next argued that the power of eminent domain should be denied, for the alleged reason that there is no method provided by statute, ordinance, or otherwise for supervising or controlling the acts of the respondent corporation. We think sufficient provision for such a supervision has been made. The state constitution provides as follows:

"All laws relating to corporations may be altered, amended, or repealed by the legislature at any time, and all corporations doing business in this state may, as to such business, be regulated, limited, or restrained by law." Const., art. 12, §1.

It is also provided by statute that corporations may be organized for the purpose of supplying cities and towns and their inhabitants with water, and that such associations shall be subject to the same rules of regulation and restriction as apply to all other corporations.

"The provisions of this chapter shall extend to and apply to all associations already formed under any law of this state or hereafter to be formed under the provisions of this act, for the purpose of supplying any cities or towns in this state, or the inhabitants thereof, with pure and fresh water." Bal. Code, § 4277 (P. C. § 7080).

It is also provided by statute that such water companies may acquire by purchase or appropriation the necessary lands and waters for their purposes, as follows:

"Such water companies, incorporated for the purposes specified in the preceding section, shall have the right to purchase or take possession of and use and hold such lands and waters for the purposes of the company, lying without the limits of the city or town intended to be supplied with water, upon making compensation therefor. The mode of proceeding to obtain possession of such lands for the use of the

company, right-of-way for laying pipes and aqueducts for the use of the company, when the parties cannot agree, shall, so far as the same be applicable, be as prescribed in article 4 of chapter 3: Provided, That nothing therein contained shall be so construed as to authorize the appropriation of water belonging to any person, unless the owner thereof shall refuse to supply said town or city with water, after being requested so to do by the town board or city council." Bal. Code, § 4278 (P. C. § 7081).

It will be remembered, from our statement of the facts substantially as found by the court, that the latter provision of the above quoted section was fully met. The claimant refused to supply the city with water, after being requested so to do by the city council. It is also further provided by statute that such water companies must first obtain from the city the right or privilege to furnish the water.

"Water companies hereafter incorporating, under the provisions of this chapter, must first obtain from the corporate authorities of a city or town intended to be supplied with water the right or privilege so to do; but nothing herein contained shall affect parties now acting under legislative grants or franchises." Bal. Code, § 4279 (P. C. § 7082).

We have seen that the privilege required by the above section was granted by the city of Raymond to the respondent. It therefore appears that the respondent has fully complied with statutory regulations. By these regulations the state has delegated to respondent the right to furnish the city of Raymond and its inhabitants with water, and to effect that purpose has authorized it to appropriate land or water lying even without the limits of the city. The statute governing all corporations in general, as well as those relating to such water companies in particular, furnish much opportunity for supervision and control over the corporate acts, and the claimant's argument that such control is lacking is fully met by the existence of these statutes. Furthermore, the ordinance

of the city of Raymond which grants to respondent the right to furnish water contains many regulative and restraining provisions which the city may exercise in connection with the service of the respondent. The provisions made by our legislature authorizing such water companies to furnish water to cities and their inhabitants, and to appropriate land and water therefor, are usual provisions and are very generally supported by authority.

"The supplying of pure water by a private corporation to the inhabitants of a city, town, village, or other community is a measure of public utility for which private property may be taken under the right of eminent domain, and for which the right of an individual to enjoy the flow of water in its natural channel upon his land may be condemned." 15 Cyc. 593.

The same principle is stated again as follows:

"The supplying of water to a city and its inhabitants is undoubtedly a public purpose, to accomplish which the legislature may confer upon a city, or a company organized to carry out that purpose, the right to condemn private property upon payment of just compensation." 30 Am. & Eng. Ency. Law (2d ed.), p. 408, and cases there cited.

This court has heretofore recognized the authority of the state as delegated to such water companies. *Everett Water Co. v. Powers*, 37 Wash. 143, 79 Pac. 617. While it is true that no statute now exists fixing the rates which water companies may charge, yet the power to regulate and control is vested in the legislature by the constitutional provision heretofore quoted. The water company is a delegated agency of the state, and as such it may be fully controlled by the state. As an agency for the service of the public, it may exercise the right of eminent domain for the accomplishment of a public purpose, the property which it so acquires being *ipso facto* devoted to a public use.

"In accepting a franchise, a water company acts, not as a private, but as a *quasi*-public corporation. It enjoys and must exercise its opportunities for gain subject to its obligation to

the public, that it will supply water, without unjust discrimination and at uniform rates, to all those along the lines of its mains, who apply and tender a reasonable compensation." 30 Am. & Eng. Ency. Law (2d. ed.), 426, and authorities there cited.

It is next argued by the claimant that condemnation should be denied to the respondent, for the reason that some of the declared objects of respondent's organization as hereinbefore stated are purely private in their nature, and call for furnishing water to private persons and corporations for private purposes only. The principal argument upon this point is to the effect that the respondent proposes to furnish water to private persons and corporations to be used in boilers to generate steam for sawmills and shingle mills for the manufacture of lumber and shingles. It is contended by the claimant that such a use of the water would be private within the following decisions of this court: *Healy Lumber Co. v. Morris*, 33 Wash. 490, 47 Pac. 681, 99 Am. St. 964, 63 L. R. A. 820; *State ex rel. Tacoma Industrial Co. v. White River Power Co.*, 39 Wash. 648, 82 Pac. 150, 2 L. R. A. (N. S.) 842. In this view of claimant's counsel we concur. The respondent argues that such a use is domestic, and that it comes within the ordinary classification of furnishing water to "the inhabitants" of the city. It is urged that, when water is furnished to a mill proprietor, it is furnished to an inhabitant for his use just as in the case of furnishing to a home, and that the use is domestic and public in one case as much as in the other. Respondent says that water supplied in the manner indicated is not delivered for the use of motors or directly for power purposes. We are unable to make such a distinction. If the water is delivered for the avowed and understood purpose of supplying boilers in order to generate steam for the power purposes of private manufacturing concerns, we think such delivery is for a private purpose.

However, the argument of counsel upon this subject presents more of a moot question than otherwise in this case. The

fact that respondent makes the above contention does not defeat its right to condemn in this action, inasmuch as the evidence clearly shows the necessity for this water to supply the city of Raymond for sewerage purposes, fire protection, and other municipal uses, and also to supply its inhabitants for ordinary domestic uses in their homes and otherwise, as such use is commonly understood. The judgment of the court on the question of public use is sustainable for the above reasons, and the respondent may condemn in order to serve its public service functions, but not to aid it in the prosecution of any service which is purely private in its nature. If, after the appropriation of the claimant's property is effected and the compensation for the public use is paid, the respondent should undertake to make a private and improper use of the property so appropriated, the remedy in such cases can then be sought. What we have said upon the subject of what may constitute a private use of the property was because of the extended discussion thereof in the briefs. To prevent any possible future effort to give the court's judgment in its application such scope as the respondent suggests for it, we have thought it best to make the observations we have. No modification of the judgment is directed, however, and the claimant is therefore not entitled to recover costs.

The judgment as to necessity for appropriation is affirmed, and the cause is remanded with instructions to the trial court to proceed to ascertain the amount of compensation to be paid, in the manner provided by law.

FULLERTON, CROW, and MOUNT, JJ., concur.

RUDKIN and CHADWICK, JJ., took no part.