115 657
117 472

[No. 15464.   Department One.—January 26, 1894.]

## DAVID T. PIERCE, APPELLANT, v. H. H. BIRKHOLM ET AL., RESPONDENTS.

MECHANICS' LIENS—FAILURE TO RECORD PLANS AND SPECIFICATIONS—VOID CONTRACT—ABANDONMENT OF WORK BY CONTRACTOR—TIME FOR FILING CLAIMS.—Where the original contract for the construction of a building is rendered void by failure to record the plans and specifications, there is no original contractor in contemplation of the statute, and claimants of liens who furnished labor and materials at his instance are deemed to have furnished them at the instance of the owner of the building; and when the assumed contractor abandoned work under the contract, and the owner finished the buildings, such claimants of liens are not required to file their claims within thirty days after cessation of labor by the contractor, but may file them within thirty days after completion of the building.

APPEAL from a judgment of the Superior Court of the City and County of San Francisco.   WILLIAM T. WALLACE, Judge.

The facts are stated in the opinion.

*William H. Jordan, Parker & Eells,* and *Morrison & Foerster,* for Appellant.

From the findings of the court it clearly appears that the contract was void, inasmuch as the plans and specifications referred to were never filed, the contract price

being more than one thousand dollars. (*Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 229; *Yancy* v. *Morton*, 94 Cal. 558; *Greig* v. *Riordan*, 99 Cal. 316; *Dunlop* v. *Kennedy*, 102 Cal. 443.) Labor having been continued upon the building from its inception to the 20th of August, 1889, without an *interregnum* of thirty days, the time of completion by Birkholm on August 20, 1889, was the date from which the time began to run for the materialmen and laborers to file their liens. (Code Civ. Proc., sec. 1187; *Joost* v. *Sullivan*, 111 Cal. 286; *Davis* v. *MacDonough*, 109 Cal. 547; *Coss* v. *MacDonough*, 111 Cal. 662.)

*W. S. Goodfellow*, for Respondents.

Holding the property of the owner liable by reason of the technical failure to record the plans and specifications is a penalty, and not a statutory mode of acquiring a right against another, and every reasonable intendment is indulged to avoid a penalty. (*San Diego etc. Co.* v. *Wooldredge*, 90 Cal. 579; *Joost* v. *Sullivan*, 111 Cal. 286.) All that the code requires in respect of contracts is that they shall be in writing, subscribed by the parties (Code Civ. Proc., sec. 1183), and that, by their terms, the contract price shall be made payable in installments. (Code Civ. Proc., sec. 1184.) This court has repeatedly distinguished the necessary contents from that of a memorandum. (*San Diego etc. Co.* v. *Wooldredge, supra; Yancy* v. *Morton*, 94 Cal. 558.) Upon the conditions found by the court of cessation of labor by the contractor for thirty days upon an unfinished contract, the plaintiffs' liens were filed too late. (*Johnson* v. *La Grave*, 102 Cal. 324.) If the contract between the owner and the contractor is void because not recorded, occupation, nevertheless, furnishes a test of completion. (*Barker* v. *Doherty*, 97 Cal. 10; *Joost* v. *Sullivan, supra.*)

Belcher, C.—The plaintiff and six other parties commenced actions to foreclose mechanics' liens for labor

and materials furnished and used in the construction of a building for the defendant Birkholm. The actions were consolidated, and tried together. The court below gave judgment in favor of the defendant, from which the plaintiffs have appealed, without any statement or bill of exceptions.

At the trial of the cause no evidence, other than documentary, was introduced by either party, and the case was submitted upon the following admissions: It was admitted that all the allegations contained in the complaints were true as therein alleged, save and except the allegation that the contract between Willis and Birkholm was not filed for record, nor any memorandum thereof, before the commencement of work upon the building, and also save and except the allegations regarding attorneys' fees.

The court found the facts to be as follows:

" 1. Before the commencement of the work referred to in the complaints, there was filed for record in the office of the county recorder of the city and county of San Francisco a written instrument subscribed by the defendant Birkholm and the defendant Willis, a copy of which is hereto annexed, marked 'Exhibit A,' and made a part hereof, and the same was the only instrument at any time filed for record. No plans, drawings, or specifications were at any time filed with said contract or at all. Nor were any plans, drawings, or specifications ever at any time annexed to said instrument.

" 2. The defendant Willis, the contractor who was constructing the building for the defendant Birkholm, as alleged in the complaint, did, while the said building was in process of construction, to wit, on the twelfth day of June, 1889, abandon said building, and failed and neglected at any time to complete the same, or his contract with the defendant for the construction of said building, and on the said last-named day, and more than thirty days before the filing of the plaintiffs' claims of lien, or any of them, ceased from labor upon said unfinished and uncompleted contract; nor was

labor ever resumed thereon by him, or any person representing him. · That after the said contractor had so abandoned his contract, and within less than thirty days from and after said twelfth day of June, 1889, the defendant Birkholm, with his own independent means, commenced work upon said building, and completed the same on the twentieth day of August, 1889."

And as conclusions of law the court found "that the liens of the plaintiffs, and each of them, were not filed within the time required by law, and also that the plaintiffs are entitled to take nothing as against the defendant Birkholm, and that said defendant Birkholm is entitled to judgment for his costs."

The instrument referred to in finding 1 as "Exhibit A" is fully set out, and it appears that the only provision therein in regard to the general character of the work to be done is as follows:

"The contractor agrees, within, that on or before the fifteenth day of July, A. D. 1889, that he will, from the date hereof, furnish the necessary labor and materials, including tools, implements, and appliances required, and erect and complete, in a workmanlike manner, a two-story dwelling-house and shed, and deliver the same to the owner, free from all liens and charges, in conformity with the plans, drawings, and specifications for the same made by Charles C. Shaner, the authorized architect employed by the owner, and which are signed by the parties hereto, and are to be kept and remain in the office of said architect, subject to the inspection of the parties hereto and others concerned in said erection."

The first and principal question is, Were there any plans, drawings, and specifications, and if so did they constitute a part of the building contract? This question must, in our opinion, be answered in the affirmative. The language of the contract above quoted clearly implies that there were plans, drawings, and specifications, in conformity with which the building was to be constructed, and the fact that the contract did not

state in terms that they were annexed to it and made a part of it was immaterial. That they did constitute an essential part of the contract abundantly appears, for without them the "general character of the work to be done" could not be ascertained. It could not be told what was to be the size or shape of the house, or what materials, whether wood, brick, or stone, were to be used in its construction.

In the case of *Greig* v. *Riordan*, 99 Cal. 316, the provisions of the contract that the building was to be erected and completed in a workmanlike manner, and delivered to the owner free from all liens and charges, "in conformity with the plans, drawings, and specifications," etc., were the same as in this case. And the court said: "In the matter of 'the general character of the work to be done,' the contract as filed was, without the 'plans, drawings, and specifications,' which formed an essential part thereof, fatally defective. If it be urged that the contract did not in terms recite that the the 'plans, drawings, and specifications' were attached thereto and made a part of the contract, the answer is twofold: 1. It abundantly appears that they formed an essential part of the contract, and they became a part thereof as effectively as though in express terms so designated: 2. Without them the contract is so indefinite and uncertain as not to comply with the requirements of the statute."

And in that case it was held, as it has been held in many other similar cases, that the contract was void. ( *Willamette etc. Co.* v. *Los Angeles College Co.*, 94 Cal. 229; *Yancy* v. *Morton*, 94 Cal. 558; *Barker* v. *Doherty*, 97 Cal. 10; *Dunlop* v. *Kennedy*, 102 Cal. 443.)

This being so, the only remaining question is: Were the plaintiffs' claims of lien filed within the time required by the statute?

Section 1183 of the Code of Civil Procedure provides that, if the contract or a memorandum thereof is not filed in the office of the county recorder before the work is commenced, it shall be wholly void, and no recovery

shall be had thereon; and in such case the labor done and materials furnished by all persons, except the contractor, "shall be deemed to have been done and furnished at the personal instance of the owner, and they shall have a lien for the value thereof." And section 1187 provides that "every person, save the original contractor, claiming the benefit of this chapter," must file his claim of lien within thirty days after the completion of any building, improvement, or structure.

Here, the contract being void, there was no original contractor, and the plaintiffs are deemed to have furnished their labor and materials at the personal instance of the owner. And under section 1187 they were required only to file their claims of lien within thirty days after the building was completed. It appears from the findings that there was no cessation of labor on the building for the period of thirty days, and that the building was completed on the twentieth day of August, 1889; and it is admitted that the plaintiffs filed their claims of lien within thirty days thereafter. This was in time to meet the requirements of the law and to entitle the plaintiffs to the relief demanded.

The judgment should be reversed and the cause remanded.

SEARLS, C., and HAYNES, C., concurred.

For the reasons given in the foregoing opinion the judgment is reversed and the cause remanded.

VAN FLEET, J., McFARLAND, J., TEMPLE, J.