[L. A. No. 543.   Department One.—July 17, 1899.]

C. ORLANDI et al., Respondents, v. MRS. C. M. GRAY, Appellant, and Others, Defendants.   LAMBERT J. HAYNE, Respondent, v. MRS. C. M. GRAY, Appellant, and Others, Defendants.

MECHANICS' LIENS—SUBCONTRACT OF ARCHITECT—RECORD—PRESUMPTION.—A subcontract in favor of the architect with the contractor, which was attached to the original contract for the erection of a building, and recorded with it, must be presumed to have been made with the knowledge of the owner of the building; and, in the absence of fraud or deception, the mere dual position occupied by the architect does not *ipso facto* render either of the contracts void, or preclude the enforcement of liens in favor of persons performing labor and furnishing materials for the subcontractor.

ID.—COMPLETION OF BUILDING—OCCUPATION BY OWNER—SUBSEQUENT WORK—CONSTRUCTION OF CODE.—The occupation of the building by the owner is conclusive evidence of its completion, within the meaning of section 1187 of the Civil Code, only when it is open, entire and exclusive, and inconsistent with a continuance by the contractor in the completion of his contract, and such as to give notice that the building is accepted in satisfaction of the contract. If the contractor continues the work of construction, or labor is done and materials are furnished, pursuant to the contract, after the occupation by the owner, such occupation is not conclusive evidence of completion, and does not start the statute in motion as to the time when liens should be filed.

APPEAL from a judgment of the Superior Court of Los Angeles County, and from an order denying a new trial.   M. T. Allen, Judge.

The facts are stated in the opinion of the court.

J. S. Chapman, for Appellant.

Borden & Carhart, for Respondents.

GAROUTTE, J.—This appeal arises upon the foreclosure of two mechanics' liens.   At the trial the actions were consolidated and a single judgment rendered in favor of plaintiffs.   An appeal is taken from that judgment, and also from an order denying the motion for a new trial.   Only two questions of any importance are involved.

By the answer of defendant Gray, the owner of the building, it is alleged that the architect, Bourgeois, was a subcontractor for Pugh & Sons, the original contractors, and that plaintiffs in this action performed the labor and furnished the materials, for which they now seek a lien, for Bourgeois under his contract, with knowledge of the fact that he was the architect of the building and also a subcontractor. For these reasons it is claimed that the architect's contract with the original contractors is void, and that the architect's contract with these plaintiffs is also void. The trial court failed to make a finding of fact upon the issue created by this affirmative matter, and error is now predicated upon that failure. Whatever else may be said upon this contention, we deem it sufficient to say that the subcontract of Bourgeois was attached to the original contract and recorded with it in the recorder's office. This fact is admitted by the pleadings. Therefore, it must be held that the owner of the building was fully conversant with the fact, and under such circumstances the mere dual position occupied by Bourgeois of architect and subcontractor does not *ipso facto,* render these contracts void. There is no claim of actual fraud or deception, and in the face of the aforesaid admission no finding was necessary.

One of these plaintiffs was to furnish materials and do the staff work upon the building at an agreed price of nine hundred and twenty dollars. The other plaintiff was engaged to do certain sculpture work upon the front of the building at a wage of three dollars per day. The trial court found as a fact that the building was completed upon January 4, 1897, and this finding is now attacked as without support in the evidence. The building is a large building, and the owner, by herself and tenants, moved into it during the first half of October, 1896. It is now claimed by this appellant that the completion of the building dates from that time by reason of her occupation. This contention is based upon the following provisions of section 1187 of the Code of Civil Procedure: "And in cases of contracts the occupation or use of a building, improvement, or structure by the owner or his representative, or the acceptance by such owner or his agent of said building, improvement or structure, shall be deemed conclusive evidence of completion."

The owner now contends that under this provision of the code, she and her tenants having taken actual possession of the building, there resulted a "statutory completion" at that time, and the time for filing liens began to run at once. Under the peculiar facts of this case, such a construction of the statute would result in an absurdity, for here one of these lien claimants substantially did all his work after this occupation by the owner took place, and, therefore, by such a construction his time to file a lien began to run before he had performed any labor upon the building. The framers of the statute never intended any such results to follow; neither did they intend that such a subcontractor should be cut off absolutely from the right to file a lien upon the building. The present views of the court upon this question are well stated in *Willamette etc. Co. v. Los Angeles College Co.*, 94 Cal. 239. It is there said: "The occupation or use, however, which under the statute is to be deemed conclusive evidence of completion, must be open, entire, and exclusive, and not of such a character as would be consistent with a continuance by the contractor in the completion of his contract; and whether in any particular case there has been such occupation or use must be determined from the facts of that case, as in the ordinary case must be determined the fact of actual completion. One must be shown to have acted toward the contractor and in reference to the building in such a way as by necessary implication to give notice that the building had been accepted by him in satisfaction of the contract. A continuance by the contractor in the work of completing his contract, while the building, or a portion thereof, should be occupied by the owner, or even used by him for the purpose for which it was intended, would prevent such occupation or use from being regarded as conclusive evidence of completion."

It is now insisted that the rule of law quoted from the foregoing opinion is *obiter*. We will not pause to settle that contention. It is immaterial at the present time, for we deem the law there laid down eminently sound. Tested by the principle there declared, the facts of this case entirely fail to show an occupation or use by the owner which would start the statute in motion as to the time when liens should be filed; at least, a finding of fact made by the trial court to that effect will not

be disturbed.   Let us look at the facts: The sculptor began his work about the time the owner went into possession.   He continued his work for almost sixty days thereafter.   This work was done under plans and specifications found in the original contract, and also under plans and specifications found in the subcontract of Bourgeois, which contract was attached to and filed with the original contract in the recorder's office.   It thus appears that the owner, during all this time, had full knowledge of the circumstances under which the work was being done.   In addition to this, we find these plaintiffs doing this work with the owner's consent and directly before her eyes.   It necessarily follows that the occupation or use of the building by the owner was not exclusive.   Neither was it inconsistent "with a continuance by the contractor in the completion of the contract." Again, in this case it may well be said the owner did not act toward the contractor, in reference to the building, in such a way as by necessary implication to give notice that the building had been accepted by her in satisfaction of the contract.   Finally, the citation which we have quoted declares that a continuance of the work by the contractor, after the occupation or use by the owner, would prevent such occupation or use from being regarded as conclusive evidence of completion; and that is exactly the case we have here.   Tested by the law above declared, the finding of the court as to the time when the building was completed will not be disturbed.

For the foregoing reasons the judgment and order are affirmed.

Harrison, J., and Van Dyke, J., concurred.