[Civ. No. 414. Third Appellate District.—January 29, 1908.]

J. E. BAKER et al. and WM. GRAMLEY et al., Respondents, v. LAKE LAND CANAL AND IRRIGATION COMPANY, and UNION WATER AND DITCH COMPANY, Appellants.

MECHANICS' LIENS—CESSATION OF LABOR BEFORE COMPLETION—POSSESSION BY OWNER—RECORDED NOTICE—PREMATURE LIENS.—Under section 1187 of the Code of Civil Procedure, as amended in 1897, where a structure is incomplete and work has ceased thereon by the contractors, and the owner has taken possession, and within the statutory time has filed for record a notice setting forth the date on which the cessation from labor actually occurred, the possession of the owner and the cessation from labor for thirty days must concur to establish the legal completion of the work. The filing of claims of lien before the expiration of thirty days from the cessation from labor is premature, and such liens cannot be enforced.

ID.—ACTUAL OR DEEMED COMPLETION REQUIRED.—Under the terms of the law there must be an actual completion of the structure or a deemed completion thereof before the right to file a lien accrues.

ID.—LIEN LAW—CONSTRUCTION—METHOD OF ENFORCEMENT—POWER OF COURTS.—While the law of liens is remedial, and should be liberally construed with a view of accomplishing this beneficent purpose, yet it is for the legislature to determine the method by which a lien can be enforced, and the courts are not at liberty to disregard any statutory requirement.

APPEAL from a judgment of the Superior Court of Kings County, and from an order denying a new trial.    M. L. Short, Judge.

The facts are stated in the opinion of the court.

Chas. G. Lamberson, and Frank Lamberson, for Appellants.

W. R. McQuiddy, and Litus N. Crowell, for Respondents.

BURNETT, J.—The case represents the consolidation of two actions brought to foreclose liens for labor bestowed upon a certain canal and right of way belonging to defendants.

The appeal is from the judgment in favor of plaintiffs and an order denying a motion for a new trial.

About June 25, 1904, appellants entered into a contract with defendants W. B. Livermore and J. W. Livermore, who were doing business as partners under the firm name of Livermore Brothers, under which the latter agreed to construct a certain ditch or canal leading from Kings river in Kings county.

The amount agreed to be paid thereunder was in excess of one thousand dollars, but the contract was not recorded until some time after the work of construction was begun.    It is conceded, therefore, that the work done by plaintiffs must be deemed to have been bestowed upon the canal at the personal instance of the owners.    (Code Civ. Proc., sec. 1183; *Kellogg* v. *Howes,* 81 Cal. 170, [22 Pac. 509] ; *Davis Henderson Lumber Co.* v. *Gottschalk,* 81 Cal. 641, [22 Pac. 860] ; *Pierce* v. *Birkholm,* 115 Cal. 657, [47 Pac. 681] ; *Smith* v. *Bradbury,* 148 Cal. 41, [113 Am. St. Rep. 189, 82 Pac. 367].)

Appellants, however, assail the judgment upon various grounds, among which is, that the claims of lien were prematurely filed by plaintiffs.

The work was not completed by Livermore Brothers.    In fact, a very small part of it was done by them.    On the 24th of September they were notified by the owners that the contract under which the work was being done was canceled and the said Livermore Brothers were forbidden to do any further work on the canal.    Consequently, on September 26th, they ceased their work and the owners took possession.    On October 26th, the owners filed in the office of the county re-

corder the statutory notice that said contractors on the twenty-sixth day of September ceased to perform any labor in the construction of said canal and that said cessation from such labor had continued for more than thirty days. Each plaintiff in the complaint alleges: "That within thirty days after the cessation of labor upon said canal the plaintiff filed for record in the office of the county recorder . . . a written notice of his claim of lien," etc. The contention of appellants is that the contract is not deemed completed until there has been a cessation of labor for thirty days in addition to the occupation by the owners. The language of section 1187, Code of Civil Procedure, is: "And in all cases the occupation or use of a building, improvement or structure by the owner, or his representative, or the occupation by said owner or his agent of said building, improvement and structure, *and* cessation from labor for thirty days upon any contract or upon any building, improvement or structure, or the alteration, addition to or repair thereof, shall be deemed equivalent to a completion thereof for all the purposes of this chapter." If the legislature did not intend to provide that both conditions should exist, to wit, occupation and cessation from labor for thirty days before the structure or contract should be deemed complete for the purposes of a lien, it is difficult to conceive what language could be chosen to express such intention.

It will not be controverted that if it appears from the complaint that the claims of lien were filed prematurely the general demurrer of appellants should have been sustained, as the only cause of action against them is based upon the theory of the compliance by respondents with the provisions of the statute in reference to liens.

A claim of lien filed prematurely cannot, of course, be enforced. (*Roylance* v. *San Luis Hotel Co.*, 74 Cal. 273, [20 Pac. 573]; *Davis* v. *MacDonough*, 109 Cal. 547, [42 Pac. 450]; *Marchant* v. *Hayes*, 120 Cal. 137, [52 Pac. 154].) Respondents, in answer to this contention, say: " 'Occupation by the owner or his representative and cessation from labor' is the language of the law. The complaint alleges, and the findings of fact show, that the claims of lien were filed after cessation of work and occupation and within thirty days thereafter. Therefore the law, as to the filing of the claims of lien, was correctly complied with." In support of this

statement they make the following quotation from *Orlandi* v. *Gray*, 125 Cal. 372, [58 Pac. 15]: "The occupation of the building by the owner is conclusive evidence of its completion, within the meaning of section 1187 of the Code of Civil Procedure, only where it is open, entire and exclusive, and inconsistent with a continuance by the contractor in the completion of his contract, and such as to give notice that the building is accepted in satisfaction of the contract"; and again from *Ward* v. *Crane*, 118 Cal. 676, [50 Pac. 839]; "Where a mechanic, engaged by the owner to erect a building under the control of its owner, is discharged by him when the work was on the verge of full and actual completion, the owner undertaking to finish it, such discharge is equivalent to an acceptance of the work as a completed contract for the erection of the building and the notice of lien may properly be filed at any time within thirty days thereafter."

But these decisions and others cited by respondents were rendered under the provisions of section 1187, Code of Civil Procedure, as it existed prior to the amendment of 1897, until which time it read: "And in case of contracts, the occupation or use of the building, improvement or structure by the owner or his representative, or the acceptance by said owner or his agent of said building, improvement or structure shall be deemed conclusive evidence of completion."

In other words, occupation or acceptance alone was deemed conclusive evidence of completion, but now, as we have seen, occupation and cessation of labor for thirty days must concur before the work is deemed complete. The law was changed probably because of the difficulty, sometimes encountered, suggested in the Orlandi case, *supra*, of determining when the structure was really occupied to the exclusion of the contractor.

In the case of *Santa Monica L. & M. Co.* v. *Hege*, 119 Cal. 378, [51 Pac. 555], cited by respondents, it is said: "There is no evidence in the record fixing this day (July 23) as the date on which the building was completed, but as it was sufficient for the plaintiff to show that the building was completed before its notice of lien was filed, any finding of the particular day was not essential and may be disregarded," but this must be read in view of the facts of that case and the contention of the parties. The only controversy con-

sidered by the court in that connection was whether the building was completed before or after the notice of lien was filed, and hence, as far as that question is concerned, the particular date is immaterial as long as there is evidence that the building was completed before said notice of lien was filed.

In the same case, though, it is held that "the plaintiff was required to file its notice of lien within thirty days after the completion of the building," and furthermore, "unless the building was completed before the notice of lien was filed, the filing was premature and conferred no right to enforce the lien."

We think it clear, therefore, from the provisions of the law, that either the contract must be actually completed or deemed completed before the right to file a claim of lien accrues. But in the case at bar it is not claimed that the contract was completed. Reliance is had upon what the statute provides shall be deemed equivalent to a completion. This is, as we have seen, occupation and cessation from labor for thirty days. The claims of lien were filed before the expiration of the thirty days, and hence the action was premature.

While the law of liens is a remedial measure and should be liberally construed with a view of accomplishing its beneficent purpose, yet it is for the legislature to determine the method by which a lien can be enforced and the courts are not at liberty to disregard any statutory requirement.

We cannot see how the judgment can be upheld without ignoring the plain provisions of the law to which attention has been directed.

As to the order denying the motion for a new trial, we deem it sufficient to say that the aggregate amount for which liens were declared is somewhat in excess of the sum shown by the evidence; but it is not necessary to review the matter in detail, as under the view we have taken of the subject the liens cannot be maintained for any amount or at all.

The judgment and order as to appellants are reversed.

Hart, J., and Chipman, P. J., concurred.

A petition to have the cause heard in the supreme court, after judgment in the district court of appeal, was denied by the supreme court on March 26, 1908.