[L. A. No. 2595.   In Bank.—March 20, 1911.]

## J. W. ROBISON, Respondent, *v.* J. BURRIS MITCHEL and DOLPH T. MITCHEL, Partners under the name J. Burris Mitchell & Company, et al., Defendants; JOSEPH W. FAWKES, Appellant.

MECHANICS' LIENS—CONSTRUCTION OF CODE—NOTICE OF COMPLETION—ESTOPPEL UPON FAILURE—LIMIT OF TIME—QUERY.—Under section 1187 of the Code of Civil Procedure, as amended in 1897, regulating mechanics' liens, other than upon mining claims, where the actual completion of the building has been recognized by the owner, he must within ten days file a notice of completion, which, if filed, limits the respective times of the filing of notices of liens, but if not filed, he is estopped from defending that the lien was not filed within the statutory time; though an ultimate limit of time is fixed in all cases as ninety days from the date of completion. This raises a question whether the estoppel applies to all cases, or is limited to cases where liens have been filed within such ninety days, which is undecided.

ID.—CESSATION FROM LABOR—EFFECT OF NOTICE—LIENS LIMITED.—Under the amended section there must be a continuous cessation from labor upon any unfinished contract or upon any unfinished building for thirty days to meet the statutory exaction; and when there has been such cessation, the owner must within ten days thereafter file the required notice of cessation or abandonment, under the penalty, in case of his failure to do so, that he shall not be permitted to maintain a defense on the ground that any lien has not been filed within the time provided. If he files such notice, the original contractor is limited to sixty days thereafter, and all other persons, except laborers upon a mining claim, are limited to thirty days thereafter within which to file their claims of lien.

ID.—CONSTRUCTIVE COMPLETION—EFFECT OF OLD AND NEW LAW—COUPLING OF OCCUPATION OR ACCEPTANCE WITH NOTICE OF CESSATION.—Although under the old law provision was made for the constructive completion of structures, whether actually completed or not, in case of occupation or acceptance by the owner or his agent, or cessation of labor for thirty days; yet under the amended section, such occupation or acceptance must be coupled with cessation from labor; and such cessation from labor cannot be deemed a constructive completion of itself, but the owner, to set the time for filing liens in motion, must first file his notice of cessation.

ID.—CHANGE OF LAW AS TO "OCCUPATION OR ACCEPTANCE."—Under the present law, constructive completion by way of "occupation or acceptance," applies to all cases, whether the work has been performed

under contract or not, whereas under the old law, such constructive completion was declared to apply only "in case of contracts."

ID.—CONSTRUCTION OF SECTION—CESSATION FROM LABOR UPON "UNFINISHED CONTRACT" OR "UNFINISHED BUILDING."—The phrases used in the amended section, "cessation from labor upon any unfinished contract or upon any unfinished building," found in the earlier part of the section, and "cessation from labor for thirty days, upon any contract or upon any building," found in the latter part thereof, are to be construed as referring to cessation from labor upon any "unperformed contract," and as importing that cessation from labor for the prescribed period, is made, under its terms, the equivalent of an actual completion for the purpose of filing liens, regardless of whether the work was prosecuted under a contract or not.

ID.—CONSTRUCTION OF AMENDMENT OF 1887.—The phrase first mentioned had its origin under the amendment of 1887, the dominant idea of which was to declare that cessation from labor for thirty days upon any unfinished work should be made the equivalent of an actual completion for the purpose of filing claims of lien; that occupation or acceptance should be deemed completion only in the case of contracts, but that cessation from labor for that period should be deemed a completion, whether work was being prosecuted under a contract or not.

ID.—IMMEDIATE COMPLETION BY OWNER.—If, when the contractor abandons the contract, there should be no interval of cessation of work, and the owner should immediately proceed to complete the building, no difference can result to the rights of lien claimants, whose time for filing liens in such case would be extended to the completion of the building by the owner, whether the work is performed by him under the contract or not.

ID.—NOTICE OF CESSATION OF LABOR—FINDING AGAINST CESSATION FOR THIRTY DAYS.—Notwithstanding notice of cessation of labor given by the contractor, if a finding against a cessation of the work for the period of thirty days, before it was resumed by the owner, were within the issue and supported by the evidence, the claimant of a lien would be entitled to await the completion of the building by the owner.

ID.—FINDING OUTSIDE OF ISSUES—ADMISSION OF PLEADING.—Where the complaint shows a cessation of work by the contractor for more than thirty days, before the notice of cessation of work was given, and that work was commenced by the owner after such notice, and the answer admits and reaffirms such facts, the question whether there had been a cessation of labor for a period of thirty days was not an issue in the case, and the finding in conflict with the admission of the pleadings cannot be considered.

ID.—CLAIM OF LIEN NOT ENFORCEABLE—MODIFICATION OF JUDGMENT DIRECTED.—There having been a cessation of labor on the unfinished structure for thirty days, and the notice of cessation of the owner having been filed within ten days thereafter as required by law, and

plaintiff's claim of lien not having been filed within thirty days after the filing of such notice of cessation, it results that it is too late; and consequently a judgment of the trial court enforcing the same was erroneous in decreeing a lien in favor of plaintiff, and in directing a sale of appellant's property to satisfy the same, and the trial court will be directed to modify its judgment accordingly.

APPEAL from a judgment of the Superior Court of Los Angeles County and from an order denying a motion for a new trial. N. P. Conrey, Judge.

The facts are stated in the opinion of the court.

Gray, Baker, Bowen, Allen, Van Dyke & Jutten, for Appellant.

C. M. Stephens, and Kendrick, Knott & Ardis, for Respondent.

HENSHAW, J.—This action was by a materialman to foreclose his lien upon the property of defendant Fawkes for material furnished in the construction of a frame dwelling. Judgment passed for plaintiff, awarding him a lien, and from that judgment and from the order denying his motion for a new trial the defendant Fawkes appeals.

The contractors for the construction of the building were copartners doing business under the firm name of J. Burris Mitchel & Company. Their contract with appellant was in writing and valid. It contained the usual stipulation for partial payments, and provided that if at any time during the progress of the work the contractors should refuse or neglect, without fault of the owner, to supply a sufficiency of material and workmen to complete the contract within the time limited, for the period of more than three days after having been notified by the owner in writing to furnish the same, the owner should have power to furnish and provide the material or workmen to finish the work, and the reasonable expense thereof should be deducted from the contract price. It also provided that if the owner should delay a progress payment for more than five days after the date when such payment became due, at the option of the contractor this should be held to be a prevention by the owner of performance of the contract by the contractor.

It was over these provisions of the contract that difficulty arose. Work had progressed and progress payments had been made until the time came when the frame was up, and there became due under the terms of the contract a payment of eight hundred dollars. This payment the owner refused to make, upon the ground of faulty and imperfect construction. The contractors refused to proceed until payment was made. The owner thereupon gave the notice contemplated by the contract, calling upon the contractors to continue with the work, and upon the contractors' failure and refusal so to do for a period of more than three days, the owner proceeded with the construction and completed the building. It will thus be seen that the contractors' position was that the contract was violated by the owner in his unwarranted refusal to make a proper payment when it became due. Upon the other hand, the owner's position was that the payment was not due because of faulty construction, and that the contractors' refusal to proceed with the work after notice given, justified him, under the contract, in pushing the work to completion. The court found in effect that the contractors had not violated the contract, that the refusal of the owner to make the payment was unwarranted, and consequently that the contractors had been unlawfully prevented by the acts of the owner from prosecuting the contract, and the owner's completion of the building was not, therefore, in conformity with the terms of the contract, but in violation thereof.

The owner's notice to the contractors to proceed with the work was given upon October 15, 1906. Upon November 19, 1906, the owner filed for record his verified notice of cessation, as contemplated by the opening paragraph of section 1187 of the Code of Civil Procedure. Therein he declared that the J. Burris Mitchel Company had abandoned work, that the abandonment occurred upon the eighteenth day of October, 1906, and that since the abandonment and for more than thirty days and less than forty days the contractors had done no work upon the building and improvements under the contract, and that the owner was now proceeding to complete the building. It is a fact that the contractors ceased labor from the date mentioned and never resumed labor upon the building, but the court found that there was no cessation from labor upon the unfinished building, under the belief that

the owner himself undertook the completion of the building before there had been a cessation of labor thereon for the period of thirty days. The finding to this effect is attacked and will require examination. But for the present, considering the case made by the findings, it appears that the contractors ceased work under circumstances which the court finds justified their doing so, and the owner, before there had been a cessation from labor upon the unfinished contract or upon the unfinished structure for the period of thirty days, undertook the work of completion.

The lien in this case was admittedly filed within time after the actual completion of the building, but was not filed within time if the notice of cessation and abandonment filed by the owner upon November 19, 1906, set running the statutory period for the filing of the lien.

The case thus demands a consideration and an analysis of section 1187 of the Code of Civil Procedure, as amended in 1897. That section deals:

1. With the situation presented by actual completion recognized as such by the owner. In such a case the owner must within ten days after such completion file in the office of the county recorder of the county a notice setting forth the date of completion, etc. If he does not do this he is estopped in any action brought to foreclose a lien upon his property from maintaining as a defense that the lien has not been filed within the time prescribed by law. If he does do this then the original contractor has sixty days after the filing of the notice, and other lien claimants have thirty days after the filing of the notice, within which to file their claims of lien, provided, however, that if the lien sought be for labor performed in a mining claim it must be filed within thirty days after the performance of the labor without regard to the filing by the owner of any notice of completion which, because of the character of the work, is in this instance unnecessary, if not impossible. It is further provided in this connection "that in any event all claims of lien must be filed within ninety days after the completion of said building, improvement or structure, or the alteration, addition to or repair thereof." This would seem to fix a time limit within which all liens must be filed regardless of whether the owner has filed his notice of completion or not, and it gives rise to the question

whether the statute which forbids the owner who has failed to file the notice of completion to make the defense that the lien has not been filed within the time provided by the chapter, means to forbid him to make that defense in every case, or only in those cases where liens have been filed within ninety days after completion. But this question it is not necessary here to resolve.

2. The section next takes up the reciprocal rights and duties of the owner and lien claimants where for any cause there has been for thirty days "a cessation from labor upon any unfinished contract, or upon any unfinished building," etc. It is here to be noted that the continuous cessation from labor for thirty days, and this alone, is sufficient to set in motion the requirements of the statute. Nothing less than cessation from labor for thirty days will meet the statutory exaction, and nothing more than a cessation from labor for thirty days is required. When there has been such cessation it becomes the duty of the owner within ten days thereafter to file the required notice of cessation or abandonment of work under the penalty above set forth for his failure so to do,— namely, that he shall not be permitted to maintain a defense based on the ground that any lien has not been filed within the time provided. If, however, he does duly file the notice of cessation of labor, the original contractor has sixty days after the date of its filing, and all other persons thirty days after the date of the filing, within which to file their claims of lien, the exception to this being, as above, the case of labor bestowed upon a mining claim where, without regard to the notice, the laborer must file his lien within thirty days after the performance of his work. These two provisions grouped together in the language of section 1187 are, for the convenience of construction, here separated. They have to do, 1. With the building actually completed; and, 2. With structures upon which work ceases while they are still in an unfinished condition.

3. But it yet remained for the legislature to make provision for that class of cases where the owner might not regard the building as completed, and yet where, for the purpose of protecting lien claimants and enabling them to enforce their liens, some time should be fixed without regard to the owner's views of completion. Therefore, provision was made for what

may be termed "constructive completion." Up to 1897 when section 1187 was amended to read as it now does, the law in this regard declared (a) that the occupation or use of the building by the owner or his representative, or (b) the acceptance by the owner or his age .t of the building, should be deemed conclusive evidence of completion whether the building was actually completed or not, and (c) that cessation from labor for thirty days upon any unfinished contract or upon any unfinished building should be deemed equivalent to a completion thereof. In 1897 this section was again amended and remodeled to its present form. The changes which were made were the following: The owner was required to file a notice of completion or a notice of cessation of labor, requirements not in the earlier section. Cessation from labor upon any unfinished contract or structure for a period of thirty days was no longer to be "deemed equivalent to a completion," as in the earlier section, but provision was made that after any such cessation it became the duty of the owner to file a notice to that effect. If he did so, the time for filing liens began to run. If he did not do so, the time for filing liens was not set in motion. Another change was also made in the matter of constructive completion. The earlier section, as has been shown, made either one of three things evidence of constructive completion,—namely, acceptance, occupation, or cessation from labor for thirty days. The amended section, the section as it now stands, makes different provision. It had already met the case of cessation from labor for thirty days upon an unfinished contract or structure. When it came to deal with constructive completion, it was no longer necessary for it to provide for the cases of unfinished buildings, but it was called upon to deal with those cases where there was apparent completion which might not in fact prove to be absolute completion and cases where there was apparent incompletion which might prove to be actual completion. It provided: 1. After declaring that trivial imperfections should not avail to avoid completion, that the occupation or use of a building, improvement, or structure by the owner or his representative, together with cessation from labor for thirty days upon it; or 2. The acceptance by the owner or his agent of the building, together with cessation from labor for thirty days upon it, should, for the purposes of lien claimants, be

deemed equivalent to a completion. Thus, while under the old law unfinished structures were deemed constructively completed when there had been cessation from labor for thirty days, under the present law they are not deemed constructively completed and the owner to set the time running for the filing of liens must first file his notice of cessation. Again, while under the old law either occupation or acceptance was deemed a completion which set in motion the time for filing liens, under the present law either or both the occupation and the acceptance must be coupled with cessation from labor for thirty days upon the structure before the constructive completion is established and the time set running. Also, under the present law constructive completion by way of occupation or acceptance is made to apply to *all* cases, whether the work has been performed under contract or not, whereas, under the old law, such constructive completion was declared to apply only "in case of contracts." (*Marble Lime Co.* v. *Hotel Co.*, 96 Cal. 332, [36 Pac. 164].)

4. One final matter in the construction of section 1187 demands consideration; that is the meaning of the phrases "cessation from labor upon any unfinished contract or upon any unfinished building," etc., found in the earlier part of the section, and "cessation from labor for thirty days upon any contract or upon any building," etc., found in the latter part of the section. Historically, the first use of this language is in the amendment of 1887, which provided as follows: "and in case of contracts, the occupation or use of the building, improvement, or structure by the owner, or his representative, or the acceptance by said owner or his agent of said building, improvement, or structure, shall be deemed conclusive evidence of completion; and cessation from labor for thirty days upon any *unfinished contract or upon any unfinished building,* improvement, or structure, or the alteration, addition to, or repair thereof, shall be deemed equivalent to a completion thereof for all the purposes of this chapter." The most obvious and natural construction of this language would seem to be that the legislature decreed that occupation or acceptance by the owner should be held conclusive evidence of completion in all cases where the work was done under contract, and that cessation from labor for the period of thirty days in all cases—whether the work was done under contract

or not—should be deemed equivalent to a completion. That the language was not happily chosen to express this idea may be conceded. It is not an apposite use of words to speak of a "finished" or "unfinished" contract or to speak of cessation from labor upon a finished or unfinished contract. Apart from its context, the labor of "finishing" a contract means the labor of the contracting parties in agreeing upon its terms and the labor of the scrivener in reducing those terms to writing after a meeting of the minds of the contracting parties. But, of course, in its context, an "unfinished contract" means that the terms, conditions, and requirements of one or the other party, the moving consideration, has not been accomplished or performed. This instance is taken from the statute under consideration in exemplification of the fact that strict legal accuracy in terms and phrases is not to be expected in every legislative enactment, and that the courts will, and frequently must resolve the meaning of obscure language to reach the true legislative intent. They do this through a consideration of the whole enactment in view of the end sought to be attained. In this case there can be little doubt that under the amendment of 1887 the dominant idea was to declare that cessation from labor for thirty days upon any unfinished work should be made the equivalent of an actual completion for the purpose of filing claims of lien, that the author of the bill had in the previous sentence declared that occupation or acceptance should be deemed completion only in the case of contracts, and that when next he came to treat of cessation from labor for thirty days he meant merely that cessation for labor from that period should be deemed a completion whether the work was being prosecuted under a contract or not. It is not to be believed that the legislature sought to indulge in over refinements and to distinguish cessation from labor under a contract and cessation from labor where there was no contract, distinctions which could but lead to difficulty and confusion, and to the frequent loss of just liens. To illustrate, take two cases in each of which the original contract between the owner and the contractor is valid. The one contains provision that in case of the abandonment by the contractor the owner may complete the work under the contract; the other does not. In each case the contractor gives notice to the owner of abandonment. In each case, be-

fore a cessation of labor for thirty days, or, indeed, without an hour's cessation from labor, the owner employs the same foreman, who, in turn, employs the same laborers, and completes the work himself. No notice is conveyed to the materialmen, or even to the subordinate employees, that there is any change at all in the nature or character of their employment. Under the view which we have given of the meaning of section 1187 no difference would result in the rights of any lien claimants. There having been no cessation from labor, the time for filing liens would not commence until after completion. But if it is to be held that cessation from labor upon an unfinished contract without regard to the question whether or not there shall have been actual cessation from labor upon the work is the controlling factor, then, of course, where the contract provided that the owner might continue the work *under the contract* there would have been no cessation from labor under the contract for thirty days and lien claimants would have the time allowed for filing their liens after the owner had completed the structure. Whereas, in the other case, identical in all respects so far as outward appearances can go, the work would not have been done by the owner under the contract, there would have been a cessation from labor under the unfinished contract for a period of thirty days and the lien claimants (under the earlier law) would forever have lost their liens if they were not in some way able to discover the fact that the owner was prosecuting it, not under, but after abandonment of the contract; because their time for filing liens would have begun thirty days after this undisclosed cessation from labor upon an unfinished contract.

That such was the original interpretation of this court may be gathered from a reading of *Mill & Lumber Co.* v. *Olmstead,* 85 Cal. 80, [24 Pac. 648]; *Willamette etc. Co.* v. *College Co.,* 94 Cal. 229, [29 Pac. 629], and *Marble Lime Co.* v. *Hotel Co.,* 96 Cal. 332, [31 Pac. 164]. Subsequently this court in the case of *Johnson* v. *La Grave,* 102 Cal. 324, [36 Pac. 651], declared that, though there was no cessation from labor on the structure for the period of thirty days, where there was cessation from labor upon an unfinished contract, even though labor on the building continued, there was a constructive completion which required the filing of lien claims after thirty days. This case, however, was decided in Department. The

case of *Marble Lime Co.* v. *Hotel Co.,* 96 Cal. 332, [31 Pac. 164], which it overruled (see note to *Goodman* v. *Baerlocher,* 43 Am. St. Rep. 902) was a decision in Bank. It was not mentioned in the Department opinion nor cited in the briefs. There was no petition for a rehearing in *Johnson* v. *La Grave,* so that it was not called to the attention of the full bench, nor in any subsequent case was its interpretation affirmed or challenged. For these reasons, since no rule of property or of property rights can have arisen under it, no embarrassment or hardship will result from this present declaration of what we conceive to be the true construction. In this connection it should be added that if the case of *Baker* v. *Lake Land C. & I. Co.,* 7 Cal. App. 482, [94 Pac. 773], shall be thought in any respect to be at variance with the views here expressed, to that extent it must be considered superseded and overruled.

Making application of the construction thus given to the facts in the present case, we have a notice of cessation of labor filed by the owner, with a finding by the court that this cessation of labor did not continue for a period of thirty days. If this finding be within the issues and supported, plaintiff is entitled to his lien. In his attack upon this finding appellant contends: 1. That it is without the issues and contrary to the admissions in the pleadings; and 2. That it is unsupported by the evidence. The first of these contentions is all that requires consideration, for an examination of the pleadings discloses that appellant's position is well founded. The complaint itself charges that the contractors "proceeded in the erection of said building upon said premises and continued in the said construction of said dwelling until about the 18th day of October, 1906; that on or about the last mentioned date, according to plaintiff's information and belief, defendant Fawkes refused to carry out his said agreement with said defendants J. Burris Mitchel and Company, and thereafter on or about the nineteenth day of November, 1906, undertook the completion of his said dwelling and proceeded to complete the same until the fifteenth day of June, 1907, at which time said structure was by said defendant Fawkes completed." The answer contains no denial of this allegation. To the contrary, it reaffirms it, alleging that the contractors abandoned their work on or about the eighteenth day of October, and that on the nineteenth day of November the defendant filed

his notice of cessation; that after the eighteenth day of October the contractors never did any work upon the building, and after filing the notice of abandonment on the nineteenth day of November "and not before, this defendant undertook the completion of said work." It is apparent, therefore, that the question whether or not there had been a cessation of labor for a period of thirty days was not an issue in the case and that the finding here made, in conflict with the admissions of the pleadings, cannot be considered. It results, then, that there was a cessation from labor upon the unfinished structure for a period of thirty days; that appellant's notice of cessation was filed within ten days thereafter as required by law, and that plaintiff's claim of lien, not having been filed within thirty days after the filing of such notice of cessation, is too late. Consequently the judgment of the trial court was erroneous in decreeing plaintiff a lien and in directing a sale of appellant's property to satisfy the same.

The trial court is therefore directed to modify its judgment in accordance with the foregoing.

Angellotti, J., Shaw, J., Lorigan, J., Melvin, J., and Sloss, J., concurred.