[S. F. No. 6351. Department One.—March 27, 1914.]

SUNSET LUMBER COMPANY (a Corporation), Plaintiff and Respondent, v. T. F. BACHELDER et al., Defendants; JAMES RANKIN, Cross-complainant and Appellant, v. SUNSET LUMBER COMPANY (a Corporation) et al., Cross-defendants.

MECHANIC'S LIEN—ACTION FOR FORECLOSURE—CESSATION OF LABOR FOR THIRTY DAYS—SUFFICIENCY OF EVIDENCE TO SUPPORT FINDING.— In an action for the foreclosure of a mechanic's lien, a finding that there was no cessation of labor upon the building for the period of thirty consecutive days between designated dates is unsupported,

where the undisputed evidence shows that there was no work done upon the building for a period of nearly four months within such dates, although a little work was done in fixing up the yard and in putting up some fences.

ID.—CONSTRUCTIVE COMPLETION OF BUILDING—CESSATION OF WORK AND OCCUPANCY OF PREMISES.—It is the cessation of work upon the building for which the material was furnished, together with its occupation or use by the owner, that sets the time running for the constructive completion of the building, under section 1187 of the Code of Civil Procedure, as that section read in 1909.

ID.—TIME FOR FILING LIEN—PRIORITY OF SUBSEQUENT MORTGAGE.—A lien for materials furnished in the construction of a building, filed more than one hundred and twenty days after cessation of labor upon the building, is filed too late, and is not paramount to a subsequently executed mortgage.

ID.—CESSATION FROM LABOR ON BUILDING—FAILURE OF OWNER TO GIVE NOTICE—TIME FOR FILING LIEN.—Under section 1187 of the Code of Civil Procedure, a cessation from labor for thirty days is deemed a completion of the building; and if the owner does not file the notice of such cessation, materialmen and laborers do not have an unlimited time in which to file their liens, but must file them at all events within ninety days after the expiration of such thirty day period, or within one hundred and twenty days after the actual cessation from labor.

ID.—FORECLOSURE OF LIEN—PURCHASE BY MORTGAGOR—ESTOPPEL TO APPEAL.—Where the holder of a mechanic's lien has the property sold under foreclosure proceedings two days after the holder of a mortgage on the property appealed from the judgment in the foreclosure proceedings declaring the lien superior to his mortgage, the mortgagee is not estopped to prosecute his appeal by having bid in the property to protect his interests.

APPEAL from a judgment of the Superior Court of Alameda County. Wm. H. Waste, Judge.

The facts are stated in the opinion of the court.

Walter E. Rode, for Appellant.

C. L. Colvin, for Respondent.

SHAW, J.—Plaintiff began an action to foreclose a lien on a house and lot belonging to the defendant, T. F. Bachelder, for the price of materials furnished by it to Bachelder for use

CLXVII Cal.—33

in the construction of said house, amounting to $776.67. James Rankin filed a cross-complaint to foreclose a mortgage for three thousand dollars on the premises. The court gave judgment for the foreclosure of the lien and the mortgage for the full amount of each, but declared that the lien of plaintiff was prior and superior to that of Rankin's mortgage. Rankin appeals from that part of the judgment which declares that the plaintiff's lien is paramount to his own and directs its payment in preference to his own out of the proceeds of the foreclosure sale.

Bachelder began the erection of the house in August, 1908. He directed the work himself and did not let it out by contract. On December 31, 1908, there was a cessation of the work on the building, and on the next day, January 1, 1909, Bachelder and his family moved into it and have ever since resided in it. The plaintiff furnished material prior to December 31, 1908, amounting to $876.67, of which one hundred dollars was paid. Afterward in April, 1909, plaintiff delivered other lumber for use in the house at $93.70, which was paid in cash, and in July, 1909, additional lumber to the amount of $124.90, which also was paid in cash at the time.

The complaint alleged that the building was fully completed on December 11, 1909, that its claim of lien was filed for record on March 11, 1910, exactly ninety days thereafter, and that no notice of completion was ever filed for record. The mortgage to Rankin was executed by Bachelder on March 9, 1909, and was duly recorded on March 12, 1909. The answer of Rankin denies that the building was not completed until December 11, 1909, and alleges that it was fully completed on December 31, 1908, and that it was then and ever since has been occupied and used by Bachelder and his wife; that there was at that time a cessation of labor on the building, which continued for more than thirty days thereafter and for more than one hundred and twenty days prior to the time of the filing of plaintiff's claim of lien on March 11, 1910.

The findings declare that "there was no cessation of labor upon said building for the period of thirty consecutive days between the first day of January, 1909, and the eleventh day of December, 1909." This finding is contrary to the undisputed evidence in the case. Bachelder and his son testified that they lived in the house from and after January 1, 1909,

and that there was no work done upon the building from that date until some time in April, 1909. Bachelder fixes the date as April 21, 1909. During this time a little work was done in fixing up the yard and in putting up some fences, but none at all upon the building. It is the cessation of work upon the building for which the material was furnished, together with its occupation or use by the owner, that sets the time running for the constructive completion of such building, under section 1187 of the Code of Civil Procedure, as that section read in 1909. (*Robison* v. *Mitchell,* 159 Cal. 588, [114 Pac. 984].) We must therefore consider the rights of the parties as controlled by the fact that the owner's occupation and use of the house began on January 1, 1909, and that there was a cessation of labor thereon from December 31, 1908, until after April 1, 1909.

Under the provision of said section 1187, and the decisions of this court construing it, it is clear that the lien of the plaintiff was filed too late and that it is not superior to that of Rankin's mortgage, if indeed it exists at all. The section provides that "in all cases the occupation and use of a building . . . by the owner, . . . and cessation from labor for thirty days upon any contract, or upon any building, . . . shall be deemed equivalent to a completion thereof for all purposes of this chapter"; that "within forty days after cessation from labor upon any unfinished contract, or upon any unfinished building" the owner must file for record a verified notice stating therein the date on which such cessation actually occurred; that in case he neglects to do so he and all persons claiming an interest in the property shall be estopped, in any proceeding to foreclose a lien under that chapter, from maintaining that such claim of lien was not filed in time; "provided, however, that in any event all claims of lien must be filed within ninety days after the completion of said building." With regard to the time within which claims of lien may be filed by other than the original contractor, the section provides that such claim of lien must be filed after completion of the building and within thirty days after the notice of completion or cessation of labor is filed. In making the foregoing quotations we have transposed the phrases of the section so as to place those relating to the same subject in their proper connection and thereby make the meaning clearer.

In *Buell* v. *Brown,* 131 Cal. 158, [63 Pac. 167], we had this part of the section under consideration upon a statement of facts similar to that existing here. In that case the cessation of labor occurred in November, 1897, and the claim of lien was not filed until the following April, more than one hundred and twenty days thereafter. No notice of completion or cessation of labor was ever filed. Alluding to the fact that no notice of cessation of labor was ever filed, the court said that the building was deemed completed for the purpose of filing liens by all claimants at the expiration of thirty days after the actual cessation of labor, and proceeded to say: "Ninety days was thereafter allowed in which to file and record the claim of lien, and the claim, not having been filed within the ninety days, was too late. It is claimed that the effect of the failure of the owner to file and record the notice of cessation of labor was to indefinitely postpone the time within which the claim of lien could be filed. We do not so construe the section. After stating that the owner failing to give the notice shall be estopped from maintaining a defense on the ground that the lien was not filed in the time provided for in the chapter, it is expressly provided 'that in any event all claims of lien must be filed within ninety days after the completion of said building.' The statute then provides what is equivalent to and shall be deemed completion. The proviso should be read in connection with and as a part of the sentence in regard to the owner being estopped to claim that the lien was not filed in time. This construction gives effect to, and makes all parts of the section consistent. It enlarges the time of thirty days, formerly given the materialman in which to file his claim of lien, and gives him thirty days after the filing of notice of cessation of labor by the owner, or, in case the owner does not file such notice, then one hundred and twenty days after such cessation from labor. The construction contended for by the plaintiff would prolong the time in which a claim of lien could be filed for years, in case the owner failed to file and record the notice. Such could not have been the intention of the legislature." This reasoning meets with our approval and it is decisive of the case now before the court. It is not necessary here to determine whether or not any lien existed in favor of the plaintiff as against the defendant Bachelder. Judgment was given de-

claring and foreclosing such lien and Bachelder has not appealed. The only part of the judgment appealed from by the appellant is that declaring the priority of the liens, and directing the order of payment. A reversal of that part of the judgment will not affect the other portion of the judgment declaring the lien of the plaintiff but it will give the appellant the relief for which he asks,—namely, that of declaring that his mortgage is paramount to any lien which may exist in favor of the plaintiff on the premises.

The notice of appeal herein was filed on May 25, 1912. The bill of exceptions recites that on May 27, 1912, at the sole direction of plaintiff, and not at the request or direction of Rankin, said property was sold by a commissioner, under the decree, and that at said sale plaintiff bid three thousand seven hundred dollars, and that Rankin thereupon bid three thousand seven hundred and fifty dollars and became the purchaser thereof for said sum; that at the demand of the commissioner Rankin paid the amount necessary to satisfy the plaintiff's lien and the costs, and was given credit for the balance of the purchase money on his own mortgage debt. The plaintiff claims that by this proceeding Rankin has accepted the benefits of the judgment foreclosing his mortgage and that thereby he is estopped from prosecuting this appeal. The claim is not a tenable one. The foreclosure sale was not at the instance of Rankin. It took place two days after his appeal and was made upon the demand of the plaintiff. In order to protect his own interests, in the absence of a stay of proceedings, Rankin was compelled to appear at the foreclosure sale and make such bid as might be necessary to have the property bring its reasonable value. The case is governed by the same principles as where a defendant against whom a judgment is rendered has appealed after execution has been taken out and enforced against him. In such cases the rule is said to be that "a forced payment by execution sale against a nonconsenting judgment debtor cannot be held to abridge any of his rights upon or under appeal." (*Vermont Marble Co.* v. *Black,* 123 Cal. 23, [55 Pac. 599] ; *Kenney* v. *Parke,* 120 Cal. 24, [52 Pac. 40] ; *Warner Bros. Co.* v. *Freud,* 131 Cal. 639, [82 Am. St. Rep. 400, 63 Pac. 1017].) The same principle applies here. The defendant Rankin was compelled to submit to the sale and protect his interest by

bidding thereat and he is not thereby estopped from availing himself of an appeal from the part of the judgment which is to his prejudice and upon the reversal of which the remaining parts of the judgment will stand unaffected. If, as appears from the recital in the bill of exceptions, Rankin has been compelled to pay a portion of the claim of plaintiff, by reason of the enforcement of the part of the judgment from which he has appealed and which is now reversed, he will have his remedy, as provided in section 957 of the Code of Civil Procedure, by action against the plaintiff.

The part of the judgment appealed from is reversed. The court below is directed to retry the issue between the plaintiff and the defendant, Rankin, as to cessation of labor on the building for thirty days between the first day of January, 1909, and the eleventh day of December, 1909, and to make a new finding thereon. If it finds that there was such thirty days' cessation of labor, it will enter a supplementary judgment that the lien of the defendant, Rankin, upon the premises as hereinbefore adjudged, is prior and superior to the claim and lien of the plaintiff hereinbefore adjudged and that Rankin is entitled to have his said mortgage debt and costs paid out of the proceeds of any sale under the judgment before any part of such proceeds is paid or applied upon the claim of said plaintiff. If it shall find that there was no cessation of labor on said building for thirty days during that period, it shall enter judgment for the plaintiff against Rankin for his costs upon said trial.

Sloss, J., and Angellotti, J., concurred.