[Civ. No. 2255. Second Appellate District, Division Two.—October 17, 1919.]

JAMES H. PENCE, Appellant, v. JULIET N. MARTIN et al., Respondents.

[1] MECHANICS' LIENS—TIME FOR FILING—CESSATION OF WORK.—A claim of lien by a subcontractor not filed until more than nine months after the constructive completion of the contract, there having been a complete cessation and abandonment of the work by the contractor, is not filed in time.

[2] ID.—FAILURE TO FILE NOTICE IN TIME—ACTION TO FORECLOSE—DEFENSES.—In an action to foreclose a mechanic's lien, the defendants are not estopped from setting up as a defense the plain-

tiff's failure to file the notice of claim of lien within the statutory period, where there is no showing that they had by act or representation willfully and fraudulently led him to forego his rights of lien.

APPEAL from a judgment of the Superior Court of Los Angeles County. Leslie R. Hewitt, Judge. Affirmed.

The facts are stated in the opinion of the court.

C. E. Joslin for Appellant.

Milton K. Young and Byron Coleman for Respondents.

SLOANE, J.—The plaintiff brought this action to foreclose a mechanic's lien. The only question on the appeal from judgment in favor of defendants is as to whether or not plaintiff's claim of lien was filed within the time allowed by law. The appeal is taken on the judgment-roll alone, and the findings must be presumed to be in accordance with proof presented on the trial.

According to the findings, the defendant Juliet N. Martin, owner of the real property involved, entered into a contract with W. W. Paden, whereby Paden agreed to erect an apartment house on the land of defendant Martin for the agreed price of forty-three thousand five hundred dollars, and accepted from said defendant certain mortgages and securities on the premises in question, and on other property of said defendant, for the contract price. From the negotiation and sale of these securities he was to raise the money to build the house and receive his profits. The contract was not recorded. The plaintiff Pence entered into an agreement with Paden whereby, as subcontractor, he undertook to furnish the materials and labor for the carpenter work.

[1] The work of construction was begun, and claims on behalf of the plaintiff accrued to the amount of $425. Thereafter Paden, being unable to find a market for his securities, discontinued work under his contract for want of funds, and there was a complete cessation of all work on the building from on or about the 30th of January, 1915. Work was never resumed upon the building by the contractor Paden, or under this contract. About the middle of

October, 1915, Paden, under some sort of a settlement which is not disclosed, returned the securities that had been delivered to him by the defendant Juliet N. Martin, and she thereupon entered into arrangements with the defendants Jones, Title Guarantee and Trust Company, and Fidelity Savings and Loan Association whereby they furnished her with money to complete the building, and on the 25th of October, work was resumed under entirely new and independent contracts. The plaintiff Pence was at no time, prior to shortly before the resumption of work, notified that he would not be permitted to carry out his subcontract with Paden, but he knew of the discontinuance of work during all this period, and was informed, between the 4th and 25th of October, that the defendant Martin had procured funds to complete her building, and that work would be resumed under a new contract, and that he, together with other subcontractors under Paden, would be given first chance to bid for the work under new contracts. The plaintiff did not avail himself of this offer. Within thirty days after the resumption of work on the building under the new contract, namely, the 16th of November, 1915, plaintiff, taking the execution of the new arrangement as a repudiation of his contract, filed his notice of lien. This was some nine months after cessation of work under the Paden contracts, and after plaintiff's last work as subcontractor. The court declares in its findings that there was not a temporary suspension of the work on January 30, 1915, for the convenience of the owner, as claimed by appellant, but that there was a complete cessation and abandonment of such work by reason of the fact that the contractor Paden was unable to continue the same because of inability to raise funds on his securities; and on this appeal this finding is not subject to impeachment for want of evidence.

Under section 1187 of the Code of Civil Procedure, the plaintiff had thirty days after he had ceased to labor or furnish materials, or thirty days after the completion of the original contract under which he was employed, in which to file his notice of lien. Under the provisions of the same section, cessation from labor for thirty days is deemed equivalent to a completion, for all purposes of the mechanic's lien law. Under the further provision of this section, by reason of the owner not having filed a notice of completion

or cessation of labor, the time within which plaintiff's notice of lien might have been filed was extended not to exceed ninety days from the constructive statutory period of completion. (*Buell* v. *Brown,* 131 Cal. 159, [63 Pac. 167].) His claim of lien was not filed for several months after the expiration of the ninety days. There has been no change in the legal effect of the code provision making thirty days' cessation from labor a constructive completion of the work contracted for, by the various amendments to the mechanic's lien law since 1887; and, so far as has been called to our attention, the courts have held such constructive completion of the contract as conclusive on the rights of laborers and subcontractors as an actual completion of the building. (*Kerchoff-Cuzner M. & L. Co.* v. *Olmstead,* 85 Cal. 80, [24 Pac. 648]; *Johnson* v. *La Grave,* 102 Cal. 324, [36 Pac. 651]; *Robison* v. *Mitchel,* 159 Cal. 581, [114 Pac. 984].) The trial court had no alternative to finding that the plaintiff's claim of lien was not filed in time.

[2] There is no foundation in the record for appellant's contention that the plaintiff was misled or "tolled" into a false sense of security by the defendants, or that there was any collusion between Paden and the other defendants to deceive him. Neither the allegations of the complaint nor the findings of the court justify such a conclusion. There was no privity of contract between him and the owner of the property, or any of the defendants, other than Paden. The contract created no liability against the owner of the premises, other than such as might arise under a valid assertion of the lien. Defendants owed appellant no duty to protect his rights. His only claim against the property was his right to a lien, as incident to his employment under the Paden contract, and that was dependent upon his strict compliance with the requirements of the mechanic's lien law. If the defendants had by act or representation willfully and fraudulently led him to forego his rights of lien, they would doubtless be estopped from setting up as a defense his failure to file the notice within the statutory time; but by merely standing by and permitting him to sleep on his rights, they are not estopped. It does not, however, appear by the record here that the defendants, or either of them, were even aware of the fact that Paden had not settled in full with his subcontractor.

The findings of the trial court fully support the judgment, and cover all the issues raised by the pleadings which could affect the rights of plaintiff.

The judgment is affirmed.

Finlayson, P. J., and Thomas J., concurred.