In the Superior Court, County of Los Angeles,
State of California

No. 123702.

Pioneer Lumber Company, Plaintiff,
vs.
George Binckley, Defendant.

The plaintiff as materialman furnished 154.8 sacks of cement and some lumber which were used by a copartnership in carrying out its con-

tract to construct for defendant Binckley a foundation for a house and garage. Before its completion all work on the foundation ceased, but work on the house and garage, being constructed under separate contract, continuously progressed. Within ten days after cessation of work on the foundation for thirty days defendant Binckley filed notice of such cessation.

Plaintiff filed its claim of lien more than thirty days after the notice of cessation of labor on the foundation contract, but within thirty days of the completion of the building erected upon the foundation.

The question presented for decision, therefore, is whether or not cessation from labor on one of several contracts for the construction of a building fixes the time within which must be filed a lien claim for material furnished under such contract.

The precise question seems never to have been presented to any of our appellate courts, but from dicta and analogy a conclusion may be drawn.

It is clear that notice of cessation from labor for a period of thirty days is, if the cessation was a fact, "completion" within the meaning of Section 1187 requiring a claim of lien to be filed within thirty days of completion. See Hughes Manufacturing, etc., Company vs. Hathaway (1916) 174 Cal. 44. If no notice of cessation is filed the "completion" occurs with a lapse of thirty days without labor and the time for filing the claim of lien is ninety days thereafter.

Buell vs. Brown (1900) 131 Cal. 158.

Sunset Lumber Company vs. Bachelder (1914) 167 Cal. 512.

Peuce vs. Martin (1919) 43 Cal. App. 626.

Nor does the actual completion of the work after the constructive completion extend the time to file the claim for lien.

Hubbard vs. Jurian (1917) 35 Cal. App. 757.

In the case of Fly vs. Cline 49 Cal. App. 414, the court was considering a claim for lien based on work done preparatory to the main construction of a building. It was held that the claim had not been filed in time because not filed within ninety days of the completion of the preparatory work, the court saying: "The claim of lien must be filed for what was done or furnished under each contract, within the statutory period after its completion." (This, it may be noted, seems in disagreement with the dicta in the concluding paragraph of Hughes Manufacturing etc. Company vs. Hathaway, supra, on a point with which we are not concerned.)

The lien claimant in Gunther vs. McCormick (1922) 60 Cal. App. 350, had had three different contracts with the same lessor to do painting and papering about his house. His claim of lien was filed within the statutory period after the completion of the first of these jobs, which was extended over a considerable period, but not

within time as to the other two. His lien as to the two was held filed too late.

By way of dictum in Hughes Manufacturing etc. Company vs. Hathaway, already cited, we have this significant language:

> "It is to be noted that it is not always the completion of the entire building that sets running the time for filing the notice of completion and the optional time for the filing of claims. It may be 'the completion of the original contract,' as to claims of lien, or the 'completion of any contract,' as to the notice of completion, and in either case such contract may be for the construction of only a part of the building, the stone work, the brick work, or the foundations, for example, and such 'contract' may be completed long before the completion of the entire building."

The case of Robison vs. Mitchel (1911) 159 Cal. 581, relied upon by plaintiff, may be disposed of by noting: first, that in that case there was no cessation from labor for thirty days, for the owner himself carried on the work abandoned by the contractor; and, secondly, that our statute again reads as it did before the amendment stressed by the opinion in the Robison case as being the reason for that decision.

I conclude, therefore, that the contract for the foundation was completed by the filing of the

notice of cessation of labor, irrespective of labor going on under another contract, and that as plaintiff did not file its claim of lien within thirty days thereafter judgment must be for the defendant Binckley.

This 29th day of July, 1926.

EDWARD T. BISHOP,
Judge.