[No. 15216.   Department One.—April 28, 1894.]

A.   B.   JOHNSON,   APPELLANT,   *v*.   CHARLES   LA
GRAVE ET AL., RESPONDENTS.

BUILDING CONTRACT—ABANDONMENT BY ORIGINAL CONTRACTOR—CESSATION
OF WORK—COMPLETION—MECHANICS' LIENS—TIME OF FILING.—Where
the original contractor under a building contract gave to the owner of
the building written notice that he abandoned the contract, and that
he declined to proceed further in its execution, and thereafter did no
work upon the building, whereupon the owner contracted with another
builder to complete the construction of the building, it is incumbent
upon those who claim any mechanics' liens by virtue of the original
contract to file their claims of lien with the county recorder within
thirty days after there has been a cessation from labor for thirty days
upon the unfinished contract.

ID.—NEW CONTRACT IMMATERIAL.—Where a building contract is aban-
doned it is immaterial whether the building is subsequently completed
by the owner or not; and a subsequent contract by the owner for the
completion of the work is as disconnected with the original contract as
if it were for the construction of a different building.

ID.—LOSS OF LIEN—DISPOSITION OF MONEY DUE CONTRACTOR.—Where
the rights of materialmen to enforce a lien upon a building has been
lost by failure to file their claims of lien in time, it is immaterial to
them or to their assignee whether any portion of the moneys due to the
contractor was unpaid at the time he had entered into the contract, or
whether the owner made a proper disposition of the unpaid portion of
the contract price.

APPEAL from a judgment of the Superior Court of
the City and County of San Francisco.

The facts are stated in the opinion of the court.

*E. H. Wakeman*, for Appellant.

*John Flournoy*, for Respondents.

HARRISON, J.—The respondent, La Grave, entered
into a contract with his co-defendant, Kearns, for the
construction of a building in San Francisco for the sum
of four thousand nine hundred and fifty-six dollars.
After performing a portion of his contract, Kearns, on
the 24th of October, 1891, gave to the appellant written
notice that he abandoned the contract, and declined to
proceed further in its execution, and thereafter did no

work upon the building.    La Grave subsequently made
a contract with another builder for completing the con-
struction of the building.    The building was completed
December 21, 1891, and the entire cost of its completion
was two hundred and seventy-four dollars more than
the original contract price with Kearns.    Prior to the
abandonment of the contract by Kearns, certain mate-
rialmen had furnished him materials for the construc-
tion of the building, which were used therein, and for
which, in January, 1892, they filed with the county
recorder claims for mechanics' liens.    These liens were
assigned to the plaintiff, who brought this action for
their enforcement.

The court finds that after the execution of the con-
tract between Kearns and the respondent, and before
work was commenced on the building, a sufficient mem-
orandum of the contract was filed in the office of the
county recorder, so that the right of the plaintiff to en-
force his liens is limited by the contract between Kearns
and La Grave.

Section 1187 of the Code of Civil Procedure provides
that "every person save the original contractor, claim-
ing the benefit of this chapter, must within thirty days
after the completion of any building, file for record with
the county recorder" his claim of lien, and that "cessa-
tion from labor for thirty days upon any unfinished
contract . . . . shall be deemed equivalent to a comple-
tion thereof for all the purposes of this chapter."    As
Kearns abandoned the contract October 24, 1891, and
as no work was thereafter done upon the building under
said contract, it was incumbent upon those who would
claim any lien by virtue of his contract with La Grave
to file their claim of lien with the county recorder within
thirty days after the 23d of November, and, as the claims
of lien held by the plaintiff herein were not filed until
January, 1892, they did not create any lien upon the
building, or constitute any charge against the respond-
ent.    Although the appellant has specified, as one of
the particulars in which the evidence is insufficient to

justify the finding that there was a cessation of labor upon such unfinished contract for thirty days, he does not dispute these facts, but claims that, inasmuch as after Kearns gave notice to La Grave that he would abandon his contract, La Grave made a contract with another for completing the building under which work thereon was resumed; there was, therefore, no cessation of work for thirty days upon the building, and consequently, the claims of lien could be filed within thirty days after the actual completion of the building. The statute, however, makes the cessation from labor for thirty days upon any "unfinished contract" equivalent to a "completion" thereof, for all who claim a lien by virtue of that contract, as fully as though the building was actually completed. (*Kerckhoff-Cuzner Mill and Lumber Co.* v. *Olmstead,* 85 Cal. 80; *Willamette Co.* v. *College Co.,* 94 Cal. 229.) It is immaterial whether the building is subsequently completed by the owner or not, or, if completed, whether such completion is effected by the owner directly or through a contract with another; for the purposes of creating a lien thereon through the terms of the unfinished contract, the cessation from labor under that contract for thirty days is a statutory completion of the building, which sets the time running within which the claim of lien must be filed. For all purposes of claiming a lien the subsequent contract by La Grave is as disconnected with the one with Kearns as if it had been for the construction of a different building. The appellant's assignors had no connection with that contract, and did not furnish any materials for its performance, and it would be contrary to the manifest policy of the law upon this subject to hold that those who had furnished the labor and materials for the performance of this second contract should be postponed in the payment therefor until after the contract price of their contractor had been absorbed in the satisfaction of claims entirely disconnected with the contract under which they had furnished this labor and materials.

As the plaintiff is not entitled to enforce any lien

upon the building, or to receive from the appellant any portion of the contract price, it is immaterial to him whether any portion of the moneys due to Kearns was unpaid at the time he abandoned the contract, nor is it any concern of his whether the respondent made a proper disposition of the unpaid portion of said contract price.

The judgment is affirmed.

PATERSON, J., and GAROUTTE, J., concurred.