[Civ. No. 6643. Third Dist. Apr. 1, 1942.]

THE STANISLAUS LUMBER COMPANY (a Corporation), Appellant, v. ARTHUR B. PIKE et al., Respondents.

Edward T. Taylor for Appellant.

T. B. Scott for Respondents.

THOMPSON, Acting P. J.—The plaintiff has appealed from that portion of a judgment which denies the validity of an alleged mechanic's lien to secure the unpaid portion of a bill for lumber furnished for construction of a dwelling house. It was held that the lien was void for the reason that plaintiff failed to file its claim therefor within the time

allowed by the provisions of section 1187 of the Code of Civil Procedure. The appeal is presented on the judgment roll only. The evidence is not before us.

The respondent moved to dismiss the appeal on the ground that the notice thereof was not filed within the time allowed by law.

 The motion to dismiss the appeal on the ground that the notice of appeal was not filed within sixty days of the entry of judgment as required by section 939 of the Code of Civil Procedure, is denied. The judgment was entered May 4, 1939. Sixty days for filing the notice would have normally expired July 2d, which was Sunday. The following day was declared a legal holiday by proclamation of the Governor. It became a general holiday and not a mere special holiday, for the governor declared that it was set apart "as a legal holiday in the State of California" with a request that it should be observed by "all people generally," together with the Fourth of July, "as Independence days and Democracy days in California." The courts take judicial notice of such proclamations of the chief executive of the state. (Sec. 1875, subd. 3, Code Civ. Proc.; 23 C. J. 101, sec. 1900; 20 Am. Jur. 67, sec. 44.) Sundays, the Fourth of July and "every day appointed . . . by the Governor of this state for a public fast, thanksgiving *or holiday*," (emphasis added) are declared to be holidays. (Sec. 10, Pol. Code.) The same section does provide that "all courts, public schools and public offices of this state and of any city, county," etc., "shall be open and shall function in their normal and usual manner" on all *special or limited* holidays which are set apart by proclamation of the governor. This section, however, defines a special or limited holiday as follows:

"A special or limited holiday is hereby defined as a holiday applying only to a special class or classes of business, or a special class or classes of persons, and not appointed to be generally observed throughout the state by all classes of business and all classes of persons."

Since the proclamation in question set apart July 3d to be observed "as a legal holiday . . . (by) all people generally . . . in California," under the preceding definition, it must be considered a general holiday and not a mere special or limited holiday. It follows that the requirement that all

public and county offices shall remain open and shall function in the usual manner on *special and limited* holidays has no application to the situation which is presented in this case. In computing the time within which the notice of appeal in this case was required to be filed, it becomes necessary to exclude, pursuant to section 12 of the Political Code, the three days of that period, Sunday, July 2d; Monday, July 3d, and Tuesday, July 4th, as holidays. The notice of appeal, which was filed on July 5th, was therefore within the sixty days prescribed by section 939, Code of Civil Procedure.

The defendants, A. Yates and Florence, his wife, owned a lot in Modesto containing a small cottage in which they resided, but upon which lot they proposed to construct a new dwelling house. The building was commenced May 24, 1937. It was constructed with the aid of a carpenter by means of day labor. The materials were purchased from plaintiff, all of which were paid for except the sum of $298.97, which has not been satisfied. It appears that the house was not entirely completed. A small amount of lumber, which was purchased for that purpose, remained on hand. For a consideration of $2,350, the property was sold and conveyed to the defendants, Arthur B. and Emma D. Pike, November 2, 1937. The grantees had no knowledge of the fact that the grantors were indebted to plaintiff for any materials which were furnished for the construction of the house. They were informed by the grantors that all materials had been fully paid for and that no work had been performed thereon since June 30, 1937. They relied on a certificate of title to the property issued by the Modesto Title Company which showed that no lien had been filed against it. With the knowledge of plaintiff, the defendants, Arthur B. and Emma D. Pike took possession of the property November 2, 1937, and thereafter purchased and paid for some lumber from plaintiff with which they completed the house on December 23, 1937. The plaintiff thereafter filed for record a notice of lien on January 11, 1938, to secure payment of said sum of $298.97.

The court found that the former owners, A. Yates and Florence Yates, his wife, were indebted to plaintiff for materials furnished for construction of their house in the sum of $298.97, together with interest thereon from June 30, 1937. Judgment was accordingly rendered against them for

that sum. The court further found that, in consideration of the sum of $2,350, the property was sold and conveyed to the defendants Arthur B. and Emma D. Pike, on November 2, 1937; that "on June 30, 1937, said improvement, consisting of house in the course of construction remained incompleted," but that "there was a cessation of labor on said house from June 30, 1937 to November 8, 1937," and that "no work of any kind had been done on said house or improvement since June 30, 1937." It was held plaintiff waived its claim for mechanic's lien by failing to file a notice of lien within the time allowed by section 1187 of the Code of Civil Procedure.

We are of the opinion the judgment is supported in every respect by the findings and that the plaintiff waived its right to a mechanic's lien by failing to file in the recorder's office a claim of lien within the statutory time allowed by the provisions of section 1187 of the Code of Civil Procedure. The court found that work on the dwelling house in question ceased for a period of over four months, from June 30th to November 8, 1937, and that plaintiff's claim of lien was not filed until January 11, 1938. Since the evidence is not before us we must assume those findings are adequately supported by the testimony adduced at the trial. The last paragraph of the previously mentioned section provides that when owners of property fail to file their notice of completion of the work or contract, as therein authorized, "all persons claiming the benefit of this chapter shall have ninety days after the completion of said work of improvement within which to file their claims of lien." No notice of completion was filed in the present case. Assuming that the work ceased on June 30th, for a period of more than thirty days, as the court found that it did, the plaintiff would then be required to file its notice of lien on or before October 30th of that year in order to secure its right of lien. Having failed to file the notice of lien within the time allowed by law, we are impelled to hold plaintiff thereby waived its right to a lien.

It is immaterial that the purchasers of the property afterwards bought and paid for other lumber with which they completed the structure. They had no knowledge of the previous indebtedness. The statutory limitation of time within which the lien was required to be filed would not have been thereby extended even if they had possessed that knowledge.

■ Mechanics' liens are creatures of statute which are dependent for their existence and enforcement upon substantial compliance with the letter of the law. (*Holm* v. *Bramwell,* 20 Cal. App. (2d) 332 [67 P. (2d) 114]; 17 Cal. Jur. 81, sec. 50.)

In the case of *Hubbard* v. *Jurian,* 35 Cal. App. 757 [170 Pac. 1093], it was held that subsequent completion of a building by the owner, after a lien had been lost by failure to file a notice of lien within the time allowed by law, on account of cessation of labor for more than thirty days, does not have the effect of reviving the lien. It is said on page 765 of that opinion, in that regard:

"In response to that contention, it will suffice to say that it has been held that a subsequent completion of the building by the owner after thirty days' cessation from labor thereon by the contractor does not operate as an extension of time for the filing of liens claimed under and created by the original contract. (*Johnson* v. *La Grave,* 102 Cal. 324 [36 Pac. 651].)"

In the present case the subsequent purchase of lumber by Mr. and Mrs. Pike created a new implied contract to pay for it, separate and distinct from the obligation of the former owners of the property. The principle determined by the Hubbard case applies with greater force when the work ceases for a period of over four months, and the property is thereafter sold and conveyed for a valuable consideration without notice of the previous debt or claim of lien, even though the purchaser subsequently performs the labor of completing the structure.

■ The appellant contends that since the statute grants one who has furnished labor or material for the construction of a building, a period of thirty days "after the completion of such work or improvement, as a *whole,*" within which to file his lien, that the mere cessation of work on the structure, for any period of time, does not have the effect of forfeiting the right to a lien provided the work thereon is subsequently resumed. In other words, it is asserted a laborer or materialman is allowed by statute thirty days after the actual completion of the entire proposed structure or improvement, regardless of intervening periods during which all work thereon ceases to be performed, within which to file his notice of lien, and that the actual time to file liens is

extended to ninety days from actual completion of the building or improvement when the owner fails to file his notice of completion, regardless of any intervening cessation of work. We are of the opinion the section is not susceptible of that construction.

The statute not only provides that every person, other than the original contractor, may file his claim of lien for labor or material furnished at any time "until thirty days after the completion of such work or improvement, as a whole," but it also specifically declares that "cessation from labor for thirty days" shall be equivalent to the actual completion of the work or improvement. This last mentioned statement clearly means that when work on the structure or improvement has ceased for a period of thirty days, the statutory limitation of time within which the claim of lien may be filed, begins to run. It means that after cessation of work for thirty days, a claimant for labor performed or materials furnished, must file his lien within thirty days thereafter exactly as he is required to do *"after the completion* of such work or improvement," except that when the owner fails to file his notice of completion the time to file the lien is extended to ninety days from the expiration of the thirty-day period of cessation of work. In other words, cessation from work for a period of thirty days has the effect of starting the running of the statute of limitations just as actual completion of the structure or improvement sets it in motion.

The latter portion of the first paragraph of section 1187 specifies four separate conditions, each of which is declared to constitute a situation, with respect to the enforcement of that statute, exactly the same as though the work or improvement under construction were actually completed. These conditions are, (1) occupation or use of the building or improvement by the owner, (2) actual acceptance of the building or structure by the owner, (3) "cessation from labor for thirty days upon any . . . building, improvement or structure," and (4) filing of the notice of completion by the owner.

In the present case work on the dwelling house ceased for more than four months during which time not a thing was done toward the construction. In fact the work was never resumed by the former owners. On the contrary, without

further performance, they sold and conveyed the property to the co-defendants, Mr. and Mrs. Pike, who had no knowledge of the existing indebtedness or of the alleged claim of lien. We are satisfied the plaintiff waived its right of lien on the real property by failing to file a notice of claim for a period of over five months after cessation of the work.

The judgment is affirmed.

Tuttle, J., concurred.

Appellant's petition for a hearing by the Supreme Court was denied May 28, 1942.