[Civ. No. 6716.   Third Dist.   July 7, 1942.]

E. E. HUNDLEY et al., Appellants, v. A. MARINKOVICH et al., Respondents.

Huston, Huston & Huston and Mervin H. Reith for Appellants.

Treadwell & Laughlin and Russell E. Barnes for Respondents.

SCHOTTKY, J. pro tem.—This is an appeal upon the judgment roll alone, in an action to enforce a materialman's lien for materials furnished by appellants to the contractor, and used in the construction of an apartment house on the property of respondents Marinkovich.

The trial court found that on May 12, 1937, respondents Marinkovich entered into a contract with one Vukicevich, as contractor, for the construction of an apartment house, and that respondent Maryland Casualty Company executed the usual surety bond for the faithful performance of said contract, and the payment for labor and materials used in connection therewith.

The findings of the court then proceed:

That the construction of the said building was completed on or before the 9th day of November, 1939, and on or prior to the 9th day of November, 1939, the labor ceased on the construction of the said building, and the said building was delivered by the contractor to the owners, and the said owners entered into possession thereof and entered into the actual occupancy of the said property by themselves and their subtenants. That the said owners, within ten days after the completion of the said contract and work of improvement, and on the 9th day of November, 1939, did file for record in the office of the county recorder of the county where the property is situated, a notice setting forth the date the said

work was completed, and on which cessation of labor occurred, together with their names, addresses and the nature of their title, and a description of the property sufficient for identification, together with the name of the contractor, which notice was verified by the said owners, and they duly paid the fee for recording the same. That at the time that the said notice was recorded, the said construction had been completed, said building had been accepted and occupied by the owners, and there had been a cessation of labor on the said building, and no labor was subsequently employed in the construction of said building.

The trial court found further that appellants did not, within thirty days after the completion of such work of improvement as a whole, file any claim of lien or give any notice to the surety, and that the only notice or claim of lien ever filed by appellants was filed on the 21st day of December, 1939, more than thirty days after the filing of said notice of completion, and after the cessation of labor on said building, and after occupancy and use of said property by the owners, and after the acceptance of said work and improvement by the owners; that during the course of construction, and before respondents Marinkovich accepted the building, appellants furnished materials to the contractor Vukicevich, of the value of, $788.94, which materials were delivered between August 26, 1939, and November 8, 1939; that appellants on November 29, 1939, furnished the contractor "with a certain part of a lock of the value of $4.12 to replace a defective part of a lock installed in the construction of said building. The said portion of said lock was thereafter installed in the lock in said building, but the same constituted no part of the construction of said building"; that on December 21, 1939, appellants recorded a claim of lien "for materials furnished in the sum of $793.06, but said notice of lien was not recorded within thirty days after the completion of said building, and was not recorded within thirty days of the last delivery of material used in the construction of said building, but was recorded within thirty days after the furnishing of said material used to replace a defective portion of a lock of said building"; that appellants' cause of action to enforce a lien upon said property is barred by the provisions of sections 1183 and 1187 of the Code of Civil Procedure, excepting as to a lien for said sum of $4.12, which said sum the respondents paid into court for the benefit of appellants.

From said findings the court concluded that appellants were entitled to judgment against the contractor Vukicevich for the sum of $793.06, but were not entitled to any lien against the property, or to any judgment against respondents, and appellants appeal from the judgment entered in accordance with said findings and conclusions.

Section 1187 of the Code of Civil Procedure reads as follows: ''Every original contractor, claiming the benefit of this chapter, within sixty days after the completion of his contract, and every person save the original contractor claiming the benefit of this chapter, at any time after he has ceased to perform labor or furnish material, or both, for any work of improvement mentioned in this chapter, and until thirty days after the completion of such work of improvement, as a whole, may file for record with the county recorder of the county or city and county in which such property or some part thereof is situated a claim of lien containing a statement of his demand. . . . In all cases, any of the following shall be deemed equivalent to a completion for all the purposes of this chapter; the occupation or use of a building, improvement or structure by the owner, or his representative, accompanied by cessation from labor thereon; or the acceptance by the owner, or said agent, of said building, improvement or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure, or the alteration, addition to, or repair thereof; the filing of the notice hereinafter provided for.

''The owner shall, within ten days after the completion of any contract or work of improvement provided for in this chapter, or within ten days after there has been a cessation from labor thereon for a period of thirty days, file for record in the office of the county recorder of the county where the property is situated a notice setting forth the date when the same was completed, or on which cessation from labor occurred, together with his name, address and the nature of his title, and a description of the property sufficient for identification, together with the name of the contractor, if any, which notice shall be verified by himself or some other person on his behalf. . . . In case such notice be not so filed, then all persons claiming the benefit of this chapter shall have ninety days after the completion of said work of improvement within which to file their claims of lien. The phrase 'work of improvement' and the word 'improvement' as used

in this chapter, are each hereby defined to mean the entire structure or scheme of improvement as a whole.''

■ Appellants contend that because of the furnishing by appellants to the contractor on November 29, 1939, of the part of a lock to replace a defective part of a lock installed in the construction of said building, their lien, as filed on December 21, 1939, was within thirty days after the completion of said building. Appellants argue that a substitution or replacement of material, at the demand of the owner or the original contractor, will operate where the labor or material was not gratuitous, to validate a mechanic's lien filed within the statutory period.

Appellants cite the case of *Nevada County Lumber Co. v. Janiss*, 25 Cal. App. (2d) 579 [78 P. (2d) 200]. In that case the trial court found that although the building was occupied by a tenant on December 2nd, the sewage system failed to operate, and replacement pipes for said system were necessary to the completion of the building under the contract, and that such necessary work was not completed until December 20th, and that a lien filed was within the ninety-day limitation prescribed by section 1187, *supra*. Upon appeal, this court said, at page 582:

"Section 1187 of the Code of Civil Procedure specifies certain circumstances which 'shall be deemed equivalent to a completion' of a contract for the purposes of that chapter of the code. The provision relied on by the appellant declares that 'the occupation or use of a building . . . by the owner, or his representative, *accompanied by a cessation from labor thereon*' will be deemed to constitute a completion of the job, for the purpose of determining the limitation of time within which a notice of claim of lien may be filed. It will be observed the statute does not declare that mere occupation of the building is sufficient to set the statute of limitations running. That occupation must be accompanied by cessation from labor thereon. The question of the completion of a building is one of fact, with the determination of which we may not interfere where there is substantial evidence to support the finding in that regard."

The cited case does not support the position of appellants, but is merely authority to the effect that the question of the completion of a building is one of fact.

Appellants also cite ''54 A. L. R., pages 984 to 988, and the authorities there cited,'' and have referred to two cases

mentioned in said note. In those two cases it was held that the question of the date of completion was a question of fact, and that, considering all the facts, the finding that the building had not been completed was supported. In neither of the cases was there involved any statutory provision such as we have in California defining completion.

As hereinbefore stated, this appeal is on the judgment roll alone. We are asked by appellants to hold that the furnishing and installation of a part to replace a defective part of a lock on November 29, 1939, extended the time of the completion of the construction of the building to that date. This appeal, being upon the judgment roll alone, the findings of the trial court are conclusively presumed to be supported by the evidence. The trial court found that said portion of said lock constituted no part of the construction of said building; that on November 9, 1939, the construction of the building was completed, labor thereon ceased, possession thereof was delivered by the contractor to the owners, and the owners entered into the possession and occupancy thereof; that on November 10, 1939, notice of completion was recorded, and that the claim of lien of appellants was not recorded until December 21, 1939. These facts so found by the trial court properly led to the conclusion that appellants were not entitled to a lien upon said property.

Section 1187 of the Code of Civil Procedure sets forth what shall be deemed equivalent to completion, and it is for the trial court to say whether or not a building has been completed. If there is substantial evidence to support such finding, an appellate tribunal may not interfere. The trial court in the instant case found that the various steps specified by section 1187, *supra,* to be equivalent to completion had been complied with, and that the installing of the portion of the lock constituted no part of the construction of said building. These findings are conclusively presumed to be true, as the appeal is upon the judgment roll alone. The judgment in favor of respondents is therefore fully supported by the record.

The judgment is affirmed.

Adams, P. J., and Thompson, J., concurred.