[Civ. No. 12662. First Dist., Div. One. Aug. 24, 1944.]

FLOYD L. BAIRD et al., Appellants, v. LEO HAVAS et al., Respondents.

Alfred J. Harwood for Appellants.

Truman S. Waterman for Respondents.

KNIGHT, J.—This was an action to foreclose a material-man's lien. The trial court held that the claim of lien was not filed within the statutory period and gave judgment for the defendants. Plaintiffs took two appeals, one from the judgment, and the other from an order denying their motion to set aside and vacate the judgment and to enter another and different judgment upon the grounds that the conclusions of law were incorrect and erroneous and not consistent with or supported by the findings of fact. (Code Civ. Proc., §663; *Funk* v. *Campbell,* 15 Cal.2d 250 [100 P.2d 762].) The appeals were taken to the Supreme Court, and the former is now pending therein, no transcript as yet having been filed. The latter appeal was transferred to this court for hearing and determination, and is presented on a clerk's transcript. The issue involved is whether the findings of fact sustain the legal conclusion that the claim of lien was not filed within the time fixed therefor by section 1187 of the Code of Civil Procedure. The points urged in support of the appeal are without merit.

The pertinent provisions of the first paragraph of section 1187 provide that every person save the original contractor, at any time after he has ceased to furnish materials for any work of improvement, and until thirty days after the completion of such work of improvement, as a whole, may file for record with the county recorder a claim of lien; and that in all cases, any of the following shall be deemed equivalent to a completion for all the purposes of the statute: "the occupation or use of a building, improvement or structure by the owner, or his representative, accompanied by cessation from

labor thereon; or the acceptance by the owner, or said agent, of said building, improvement or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure, or the alteration, addition to, or repair thereof; the filing of the notice hereinafter provided for.'' The second paragraph then goes on to provide that the owner shall within ten days after completion of any contract or work, or within ten days after there has been a cessation from labor thereon for a period of thirty days, file a notice with the county recorder setting forth the date when the same was completed or on which cessation from labor occurred; and that in case such notice be not so filed, then all persons claiming the benefit of the statute shall have ninety days ''after the completion of said work of improvement within which to file their claims of lien. The phrase 'work of improvement' and the word 'improvement' as used in this chapter are each hereby defined to mean the entire structure or scheme of improvement as a whole.''

Here the owners did not file notice of completion or cessation from labor, but the court found that ''there was a cessation of work commencing on August 25th, 1941''; that the building ''was completed on September 4th, 1941''; that ''defendants went into complete possession and occupation on the 4th day of September, 1941, and have continued in such occupancy ever since''; whereas, admittedly the claim of lien was not filed until January 31, 1942. Furthermore the trial court found that no item of material was furnished by plaintiffs within 120 days prior to the filing of the claim of lien. It will be seen, therefore, that plaintiffs' claim of lien was filed far beyond the ninety-day period provided by the statute.

Plaintiffs contend that the findings are insufficient in that the trial court failed to find that there was a cessation from labor for thirty days, or that the occupation of the building by the owners was ''accompanied by cessation from labor thereon.'' The record shows otherwise. The concluding finding of fact was that all allegations set forth in the answer were true, and one of the allegations thereof was ''that there was a cessation of labor on the 25th day of August, 1941, and continuing uninterrupted for a period in excess of thirty days after the 25th day of August, 1941; that defendants went

into physical possession and occupation of said building on the 4th day of September, 1941, and have ever since said date, and do now, peaceably occupy and possess the same.''

By an amendment to the complaint plaintiffs alleged that the claim of lien was filed within ninety days after the completion of the building, and on information and belief it was alleged that the building was not completed until after March 10, 1942. The record shows, however, contrary to plaintiffs' contention, that both allegations were put in issue by the defendants' answer. The specific facts alleged in paragraph IV thereof completely negatived the former allegation; there was an unqualified denial of the latter; and as above pointed out, the trial court found adversely to plaintiffs on both of those issues.

In 1929, in amending section 1187, the words ''as a whole'' were inserted in the first paragraph before the words ''may be filed of record,'' and the last sentence was added. Plaintiffs contend that by reason of these amendments neither cessation from labor for 30 days nor occupation of the building accompanied by cessation from labor thereon starts the running of the ninety-day period within which the materialman must file his claim of lien. A complete answer to this contention is to be found in the decision rendered in the case of *Stanislaus Lbr. Co.* v. *Pike,* 51 Cal.App.2d 54 [124 P.2d 190]. The court there said:

''The appellant contends that since the statute grants one who has furnished labor or material for the construction of a building, a period of thirty days 'after the completion of such work or improvement, as a *whole*,' within which to file his lien, that the mere cessation of work on the structure, for any period of time, does not have the effect of forfeiting the right to a lien provided the work thereon is subsequently resumed. In other words, it is asserted a laborer or materialman is allowed by statute thirty days after the actual completion of the entire proposed structure or improvement, regardless of intervening periods during which all work thereon ceases to be performed, within which to file his notice of lien, and that the actual time to file liens is extended to ninety days from actual completion of the building or improvement when the owner fails to file his notice of completion, regardless of any intervening cessation of work. We are of the opinion the section is not susceptible of that construction.

"The statute not only provides that every person, other than the original contractor, may file his claim of lien for labor or material furnished at any time 'until thirty days after the completion of such work or improvement, as a whole,' but it also specifically declares that 'cessation from labor for thirty days' shall be equivalent to the actual completion of the work or improvement. This last mentioned statement clearly means that when work on the structure or improvement has ceased for a period of thirty days, the statutory limitation of time within which the claim of lien may be filed, begins to run. It means that after cessation of work for thirty days, a claimant for labor performed or materials furnished, must file his lien within thirty days thereafter exactly as he is required to do 'after the completion of such work or improvement,' except that when the owner fails to file his notice of completion the time to file the lien is extended to ninety days from the expiration of the thirty-day period of cessation of work. In other words, cessation from work for a period of thirty days has the effect of starting the running of the statute of limitations just as actual completion of the structure or improvement sets it in motion.

"The latter portion of the first paragraph of section 1187 specifies four separate conditions, each of which is declared to constitute a situation, with respect to the enforcement of that statute, exactly the same as though the work or improvement under construction were actually completed. These conditions are, (1) occupation or use of the building or improvement by the owner, (2) actual acceptance of the building or structure by the owner, (3) 'cessation from labor for thirty days upon any . . . building, improvement or structure,' and (4) filing of the notice of completion by the owner."

The remaining points urged by plaintiff are merely incidental to those already discussed, and therefore do not call for special attention.

The order is affirmed.

Peters, P. J., and Dooling, J. pro tem., concurred.

A petition for a rehearing was denied September 23, 1944, and appellants' petition for a hearing by the Supreme Court was denied October 16, 1944.