[Civ. No. 12852. First Dist., Div. One. Jan. 14, 1946.]

FLOYD L. BAIRD et al., Appellants, v. LEO HAVAS et al., Respondents.

Alfred J. Harwood for Appellants.

Ivan N. Maroevich for Respondents.

PETERS, P. J.—Plaintiffs being unpaid materialmen who had furnished lumber used by a contractor in the construction of defendants' home, brought this action to foreclose their mechanic's lien. The trial court held that the lien was not filed within the time required by law. Plaintiffs appeal.

This case has been before this court on a prior appeal—*Baird* v. *Havas*, 65 Cal.App.2d 523 [151 P.2d 10]. That was an appeal from an order denying plaintiffs' motion under section 663 of the Code of Civil Procedure to set aside the

judgment on the ground that the findings of fact were inconsistent and did not support the conclusions and judgment. It was there held that the findings were sufficient. This present appeal from the judgment is based principally on the contentions that certain basic findings are unsupported, and that under section 1187 of the Code of Civil Procedure the lien was filed in time.

Section 1187, since its amendment in 1929, provides that where, as here, no notice of completion is filed by the owner, the materialmen, and others, have ninety days after completion of the work of improvement as a whole in which to file their liens. The section also provides: "In all cases, any of the following shall be deemed equivalent to a completion for all the purposes of this chapter; the occupation or use of a building, improvement or structure by the owner, or his representative, accompanied by cessation from labor thereon; or the acceptance by the owner, or said agent, of said building, improvement or structure, or cessation from labor for thirty days upon any contract or upon any building, improvement or structure." It is also provided that: "The phrase 'work of improvement' and the word 'improvement' as used in this chapter are each hereby defined to mean the entire structure or scheme of improvement as a whole."

The trial court found that "all materials furnished by plaintiff were furnished more than one hundred and twenty (120) days prior to the filing of lien by the plaintiffs on the 31st day of January, 1942"; that the building was completed on September 4, 1941; that there was a cessation of work commencing August 25, 1941; that the lien was not filed within 120 days from and after the cessation of work on the building; and that the defendants went into complete occupancy of the building on September 4, 1941. It was also found that all of the allegations of the answer not inconsistent with the findings of fact were true, and one such allegation is that there was a cessation of labor for thirty days commencing August 25, 1941. It is these several findings that are challenged by the plaintiff as being unsupported.

Before discussing the evidence, two fundamental fallacies in plaintiffs' approach to the problem should be mentioned. Plaintiffs seem to assume that the thirty-day cessation of labor requirement of section 1187, *supra,* applies not only where there is an acceptance of the building by the owner, but also to the case where the owner occupies the building. It also

seems to be assumed by plaintiffs that if there is an acceptance by the owner followed by thirty days' cessation of labor, and then some minor work done, that the ninety-day period does not start to run until thirty days after the completion of the minor work. Neither contention is sound. ██ Section 1187 provides in the alternative that occupation by the owner, plus cessation of labor, or acceptance plus cessation of labor for thirty days, shall constitute completion. While no doubt the cessation of labor must be absolute during the thirty-day period following an acceptance of the building in order to constitute a constructive completion, there is no requirement that the cessation of labor must continue for any particular time to constitute a constructive completion following personal occupancy by the owner. After the owner has occupied the building, whether the cessation of labor has continued for a sufficient period to constitute a constructive completion would seem to be a question of fact. (See *Nevada County Lumber Co.* v. *Janiss*, 25 Cal.App.2d 579 [78 P.2d 200].) On the prior appeal (*Baird* v. *Havas*, 65 Cal.App.2d 523 [151 P.2d 10]) it was held that the findings were based on both theories—acceptance plus cessation of labor for thirty days, and personal occupancy plus cessation of labor. ██ Although it is true that the findings are somewhat confusing, it is apparent that if either finding is supported, even though the other finding is unsupported or is contrary to evidence, the judgment must be affirmed under the rule that where supported findings support the judgment, findings on other issues are immaterial. (See cases collected 24 Cal.Jur. p. 993, § 217.)

██ The second contention of plaintiffs is also without merit. It is now settled that if there is an acceptance, plus a thirty-day cessation of labor, the ninety-day period starts to run even if, after the thirty-day period, work is resumed. (*Stanislaus Lbr. Co.* v. *Pike*, 51 Cal.App.2d 54 [124 P.2d 190] ; *Baird* v. *Havas*, 65 Cal.App.2d 523 [151 P.2d 10].) The same rule clearly applies to personal occupancy followed by cessation of labor.

██ Mrs. Havas testified that on August 25, 1941, she visited the house ; that no one was then working except the contractor, and he was washing out the bathtub ; that she and her husband moved into the house on September 4, 1941; that during the first week of their occupancy the painter returned and put a second coat of paint on the outside of one of the window frames and also on the porch rail; that this took about two

hours; that certain screens were delivered on September 20, 1941, and were finally installed on September 29th; that other than this no further work was done on the house by the contractor or his men. The only possible conflict with this testimony was that of one of the plaintiffs who testified that the screens were delivered September 29th and installed some unfixed time thereafter.

The lien was filed January 31, 1942. August 25, 1941, was 159 days before January 31, 1942; September 4, 1941, was 149 days before January 31, 1942; and September 29, 1941, was 124 days before January 31, 1942. It is thus apparent that, under the evidence most favorable to plaintiffs, there was a cessation of all labor on September 29th, and that such cessation of labor was thereafter continuous until January 31, 1942. The findings, it is true, attempt to fix the cessation of labor at August 25, 1941, and that finding is not supported by the evidence, because defendants' testimony showed that some work was done in the week following September 4th, and further work was completed September 29th. But the court also found personal occupancy from September 4th, and cessation of labor for 30 days after August 25th. That means that the trial court found that there was a cessation of labor from August 25th to September 24th. This finding is not entirely supported because there were two hours of work performed between September 4th and September 11th. But the important fact is that after September 4th, when the defendants moved in, except for these two minor jobs there was a cessation of labor accompanied by owners' possession. In such event, the cessation of labor, as already pointed out, need not be for any fixed period, it being a question of fact as to whether it is of such a nature that it constitutes a constructive completion within the meaning of the code section. This being so, and the findings on this theory being supported, the judgment must be affirmed.

It should be pointed out that the evidence shows that there was a complete cessation of labor from September 29, 1941, to the date the lien was filed, January 31, 1942. That is a period of 124 days. Even if the thirty-day period were applicable and did not start until September 29th, that period would have expired 94 days before the lien was filed, which means, that under the theory most favorable to plaintiffs the lien was filed four days too late. If it were necessary this court would amend the findings (Code Civ. Proc., § 956a) to set

forth these facts, but the findings as made being supported as above indicated, no necessity exists to exercise this power.

Plaintiffs further contend that defendants are estopped as a matter of law from asserting that the building was completed prior to December 27, 1941. In this connection plaintiffs rely upon *Hubbard* v. *Lee,* 6 Cal.App. 602 [92 P. 744], in which it was held that it was reversible error to exclude testimony that the owner had told the lien claimant that the buildings were not completed, such evidence being some evidence in support of an estoppel. There can be no doubt that, if an owner intentionally leads the lien claimant to believe that the buildings are not completed and the lien claimant relies upon the representation, the owner is estopped. But that is not the situation here presented. No testimony was wrongfully excluded. One of the plaintiffs testified that he called upon defendant, Mrs. Havas, about December 27, 1941, and asked her if the building was completed and she told him that it was not. Mrs. Havas' testimony was to the effect that she had told this plaintiff that there was a bad crack on the porch and that the State Inspector did not want to pass the house. This was subsequently repaired by a different contractor in February, 1942. She denied stating that the house was not completed. It is obvious that even if the evidence would support a finding of estoppel it certainly does not compel such a conclusion. The trial court evidently believed Mrs. Havas' version of the conversation or was of the opinion that defendants were not, in fact, misled.

The judgment appealed from is affirmed.

Ward, J., and Ogden, J. pro tem., concurred.