[No. B009248. Second Dist., Div. One. Oct. 25, 1985.]

LOS ANGELES CITY EMPLOYEES UNION, LOCAL 347,
SERVICE EMPLOYEES INTERNATIONAL UNION, AFL-CIO,
Plaintiff and Appellant, v.
CITY OF EL MONTE et al., Defendants and Respondents.

616

[black redaction bars]

## Counsel

Posner & Rosen and Howard Z. Rosen for Plaintiff and Appellant.

Sidney Maleck, City Attorney, and John F. Lawson, Deputy City Attorney, for Defendants and Respondents.

## Opinion

**SPENCER, P. J.—**

### Introduction

Petitioner Los Angeles City Employees Union, Local 347, appeals from a judgment which, upon reconsideration, denies its petition for a peremptory writ of mandate by which petitioner sought to compel respondents (the city of El Monte and named officials thereof) to designate January 16, 1984 and the third Monday of succeeding Januarys as a paid holiday for petitioner's members.

### Statement of Facts

On July 26, 1983, petitioner and the City of El Monte entered into a memorandum of understanding for the period from July 1, 1983 through June 30, 1984. Article V, section 1 of the memorandum provides: "An

additional day of holiday credit shall be granted for employee's birthday. One-half (½) day before Christmas *or* one-half (½) day before New Year's Day. Every day appointed by the President or Governor for a public fast, thanksgiving, or holiday."

Governor George Deukmejian issued Executive Order D-27-83 on November 9, 1983. The order reads in pertinent part: "Now therefore I, George Deukmejian, Governor of the State of California pursuant to the authority vested in me by Government Code sections 6700 and 19853, do hereby order that the third Monday of January in 1984 and each third Monday in January of succeeding years shall be a holiday for employees of the State of California in recognition of Dr. King's lasting imprint on our state and our nation."

Subsequently, petitioner sought respondents' cooperation in designating the third Monday of January 1984 and of succeeding years as an official holiday for petitioner's members. When respondents steadfastly refused to do so, petitioner's mandamus proceeding followed.

## CONTENTION

Petitioner contends the trial court erred in concluding Executive Order D-27-83 creates only a "special holiday" for state employees and, therefore, in denying the petition for a peremptory writ of mandate. While we agree the trial court erred in concluding the order created only a "special holiday," we cannot agree petitioner thereby became entitled to all the relief it sought by writ of mandate.

## DISCUSSION

Government Code section 6700, subdivision (n), provides that the holidays in this state include: "Every day appointed by the President or Governor for a public fast, thanksgiving, or holiday." As *Mandel* v. *Hodges* (1976) 54 Cal.App.3d 596, 606-607 [127 Cal.Rptr. 244, 90 A.L.R.3d 728] notes: "The provisions of section 6700 . . . do not 'have any operative effect'; they are 'passive in nature—dependent upon other legislative enactments for any legal significance.' [Citations.] . . . Section 11020 [imparts legal effect to the provisions of section 6700] by indicating that all [state offices] shall be closed on 'legal holidays,' a term which may be construed to include . . . any day 'appointed by the . . . Governor for a public fast, thanksgiving, or holiday' pursuant to subdivision (n) thereof. [Citations.] [¶] However, the statutes designating 'holidays in this state' as such

(§ 6700), or days upon which State offices shall be 'open' (§ 11020) or 'closed' (§ 6703), do not specify the days upon which State employees are entitled to time off with pay. These days are listed in section [19853] . . . .

"The only link among these disparate provisions is the Governor's statutory power to declare a given day 'appointed . . . for a public . . . holiday,' with which the Legislature has vested him in section 6700, subdivision (n), and in section [19853] alike. [Fn. omitted.] When he exercises this power as to a particular day, his action—depending upon its terms—may make the day a 'holiday in this state' pursuant to section 6700, subdivision (n), or a 'holiday' to which State 'employees shall be entitled' to paid time off under section [19853], or a 'legal holiday' upon which section 11020 permits the closure of State offices, or all three of these things."

Respondents argue Executive Order D-27-83 creates no public holiday, in that a general statewide holiday must be declared by "proclamation." There is no authority for such a proposition. Moreover, as *Mandel* notes, in recent years state holidays frequently have been created by a more informal executive order. (54 Cal.App.3d at p. 605.) In any event, respondent confuses a *general* holiday with a state legal holiday. ■ A *general* holiday may be identified by a request that "it should be observed by 'all people generally.'" (*Stanislaus Lbr. Co.* v. *Pike* (1942) 51 Cal.App.2d 54, 56 [124 P.2d 190].) In contrast, a "holiday in this state" and a "*legal* holiday," upon which all state offices are closed, are created by reference to specific statutes or by words having that effect. (*Mandel, supra,* 54 Cal.App.3d at p. 608.)

■ Executive Order D-27-83, citing the authority vested in the Governor by Government Code sections 6700 and 19853, orders "that the third Monday of January in 1984 and each third Monday in January of succeeding years shall be a holiday for employees of the State of California in recognition of Dr. King's lasting imprint on our state and our nation." Applying the above criteria, the order contains no language evincing an intent to create a general holiday throughout the state. It is equally clear, however, by its reference to section 19853 and "a holiday for employees of the State," that the order is intended to appoint a public holiday. It must be so intended; that is the only authority provided in section 19853 by which the Governor can create a holiday for state employees. Prior to its amendment in 1984 (Stats. 1984, ch. 673, § 2), section 19853, subdivision (a), read in pertinent part: "All employees shall be entitled to the following holidays: the first day of January, the 12th day of February, . . . the day chosen by an employee pursuant to the provisions of Section 19854, and *every day appointed by the Governor of this state for a public . . . holiday.*" (Italics

added.) Hence, it is *only* by appointing the third Monday in January of 1984 and in January of succeeding years a public holiday that the Governor could have provided that holiday to state employees.

Had the Governor intended only to provide state employees with the right to holiday compensation for that day, he need not have based his order on the authority contained in any provision of the law other than section 19853. Yet the order expressly states he also is acting "pursuant to the authority vested in me by Government Code section[] 6700"; that statement must be given effect, and Government Code section 11020 provides a vital clue to the Governor's intent. State offices must remain open from 8 a.m. to 5 p.m. on Mondays through Fridays *except* on "legal holidays." (§ 11020.) *Mandel* v. *Hodges, supra,* 54 Cal.App.3d at p. 607 interprets this phrase to include "any day 'appointed by the . . . Governor for a public fast, thanksgiving, or holiday' pursuant to [section 6700,] subdivision (n) thereof." Accordingly, reliance on the authority contained in section 6700 may permit the creation of a "legal holiday" on which state offices may be closed.

Respondents argue the omission of any express reference in the order to subdivision (n) of section 6700 must be deemed significant. It might well be significant if any other portion of that section invested the Governor with authority to create any form of holiday. However, all other subdivisions of section 6700 simply declare "holidays in this state"; *only* subdivision (n) recognizes any authority in the Governor to create a holiday. Consequently, it is only that subdivision to which the order possibly can refer. Moreover, such an interpretation generally inures to respondents' benefit. Subdivision (n) states in part: "Except for the Thursday in November appointed as Thanksgiving Day, this subdivision [(n)] and subdivision (c) [in 1983, declaring January 15th and presently declaring the third Monday in January a holiday] shall not apply to a city, county or district . . . ." Therefore, were it not for the specific terms of the memorandum of understanding, Executive Order D-27-83 would have had no impact whatsoever upon respondents.

In sum, the order has the effect of creating a "legal holiday," a "holiday in this state" and a "holiday with pay" for state employees. (See *Mandel* v. *Hodges, supra,* 54 Cal.App.3d at p. 608.) Respondents nevertheless argue the order should instead be given the interpretation that it created nothing more than a "special holiday" for state employees. It cannot be so interpreted. "Special holidays" are governed by Government Code section 6705, but a "special holiday" cannot create a paid holiday for state employees; section 6705 specifically requires that "public offices of the State . . . shall be open and function in their normal and usual manner" on such

occasions. (See *id.*, at p. 607, fn. 7.) Hence, the order must be deemed to have created a "holiday in this state" and a "legal holiday" or nothing at all.

Respondent next lays great emphasis on extrinsic evidence of the Governor's intent not to extend the holiday to local employees. That intent is irrelevant; as noted *ante,* it is not the executive order which gives petitioner the right to a paid holiday, if such a right exists (see Gov. Code, § 6700, subd. (n)), but the memorandum of understanding which resulted from the collective bargaining process. Article V, section 1 of the memorandum provides for "[a]n additional day of holiday credit . . . for . . . [e]very day appointed by the President or Governor for a public fast, thanksgiving, or holiday." Accordingly, it is the intent of the parties in drafting this paragraph of the memorandum of understanding which is at issue—not that of the Governor in promulgating his executive order.

We hold, by all applicable standards, Executive Order D-27-83 appointed a day as a "public . . . holiday." ■ It does not necessarily follow, however, that petitioner is entitled to all that it seeks.

■ Where the construction of a written instrument is based solely on its terms unaided by extrinsic evidence or there is no conflict in the evidence, the question presented is solely one of law and the reviewing court is not bound by the construction of the lower court. (*Keane* v. *Smith* (1971) 4 Cal.3d 932, 939 [95 Cal.Rptr. 197, 485 P.2d 261]; *Estate of Russell* (1968) 69 Cal.2d 200, 206, fn. 8 [70 Cal.Rptr. 561, 444 P.2d 353].) ■ In any construction, the paramount consideration must be to determine the intention of the contracting parties from a consideration of the entire document. (*Western Camps, Inc.* v. *Riverway Ranch Enterprises* (1977) 70 Cal.App.3d 714, 723 [138 Cal.Rptr. 918]; *Stewart Title Co.* v. *Herbert* (1970) 6 Cal.App.3d 957, 963 [96 Cal.Rptr. 631].) The court must bear in mind, however, that the issue before us is the intention of the parties as expressed by the language of the instrument, i.e., what was intended by what was said—not what a party intended to say. (*Wells Fargo Bank* v. *Huse* (1976) 57 Cal.App.3d 927, 932 [129 Cal.Rptr. 522]; *Kropp* v. *Sterling Sav. & Loan Assn.* (1970) 9 Cal.App.3d 1033, 1044 [88 Cal.Rptr. 878]; see also *Title Ins. & Trust Co.* v. *Duffill* (1923) 191 Cal. 629, 642 [218 P. 14].)

■ In ascertaining the intent of the parties, the court may resort to extrinsic evidence not only to resolve a facial ambiguity but to determine the existence of and resolve a latent ambiguity. (*Tahoe National Bank* v. *Phillips* (1971) 4 Cal.3d 11, 22-23 [92 Cal.Rptr. 704, 480 P.2d 320]; *Estate*

*of Russell, supra,* 69 Cal.2d at pp. 210-213.) An ambiguity is latent if the resort to extrinsic evidence reveals that what appears to be perfectly clear language is in fact susceptible of more than one reasonable interpretation. (*Estate of Gilliland* (1969) 276 Cal.App.2d 258, 261 [80 Cal.Rptr. 876]; see also *United Teachers of Oakland* v. *Oakland Unified Sch. Dist.* (1977) 75 Cal.App.3d 322, 330 [142 Cal.Rptr. 105].)

 Uncontradicted evidence introduced by respondent reveals the existence of a latent ambiguity. Facially, the language "day appointed by the . . . Governor for a public . . . holiday" is clear and unambiguous. However, Executive Order D-27-83 proclaims as a holiday "the third Monday of January in 1984 and each third Monday in January of succeeding years." In contrast, respondent's extrinsic evidence establishes that the universal practice theretofore was for a Governor to declare a specific day a holiday on a one-time-only basis; indeed, in each year successively, *a* certain Thursday in November was declared a day of Thanksgiving. It thus becomes clear that "day appointed by the . . . Governor" is capable of the meaning given it in Order D-27-83 as well as that given it by former practice. The issue then becomes the intent of the parties in selecting that phrase. (Civ. Code, § 1636.)

 Generally, all things incidental to a contract or necessary to its operation are implied through custom and usage. (*Addiego* v. *Hill* (1965) 238 Cal.App.2d 842, 846 [48 Cal.Rptr. 240].) Hence, the intended meaning of the phrase may be implied by resort to evidence of custom and usage. Since the uncontradicted evidence establishes a universal custom and usage at the time the contract was made (prior to the promulgation of Executive Order D-27-83), logic dictates that the parties intended the phrase to have the meaning supplied by that custom and usage. Application of the usage gives to the phrase, "day appointed by the . . . Governor," the meaning of an isolated day selected on a one-time-only basis in one particular year. As a consequence, it is only that portion of Executive Order D-27-83 which "appoints" a one-time-only day in a particular year—the third Monday of January in 1984—which is given effect by the memorandum of understanding. It follows that petitioner is entitled to a writ of mandate ordering respondent to designate January 16, 1984 a paid holiday for city employees. That, however, is all respondent may demand.

The judgment is reversed and the trial court is directed to enter a new and different judgment granting the petition insofar as it seeks to compel

respondents to designate January 16, 1984 as a holiday for petitioner's members.

Hanson (Thaxton), J., and Lucas, J., concurred.